## 74278. STEWARD v. THE STATE.
(356 SE2d 890)

DEEN, Presiding Judge.

Harold Steward appeals from his conviction of trafficking in cocaine. The evidence showed that he was stopped for speeding by a Georgia State Patrol trooper who had observed his 1981 Lincoln Mark VI automobile traveling at a steady rate of 68 m.p.h. in a 55 m.p.h. zone for approximately two miles. During the stop, the officer inquired into the validity of Steward's driver's license and automobile registration, where the trip originated and his destination. Steward volunteered that he was a migrant worker who worked part-time in Florida and Ohio and that he and his traveling companion were going to Ohio to work. After determining the automobile to be properly registered and the driver's license to be valid, the officer returned the documents to appellant together with a warning citation for speeding. A copy of this citation was tendered into evidence at the motion to suppress hearing. The trooper, however, felt that a lack of clothing and other items was suspicious in light of Steward's story about the reason for his trip and asked if he would consent to a search of his car. Appellant orally consented and then signed a consent form presented by the trooper. Steward appeared to read it and did not indicate a lack of understanding of the form or ask any questions concerning it. All of the evidence indicated that appellant freely and voluntarily signed it. Appellant assisted in the search of the vehicle. He showed the officer how an ashtray could be removed without the use of a screwdriver, he opened the trunk, and he attempted to open a metal security box with a key. After he was unable to open it, he handed the box with the key in the lock to the officer who placed it on the hood of the car. The officer opened the box and discovered eight zip-lock plastic bags containing a white powdery substance. A Derringer pistol was found under the bags. The white substance was later tested in the Georgia Crime Laboratory, found to weigh 226 grams and contained 190 grams of pure cocaine. A fingerprint examiner with the crime lab examined the empty plastic bags and developed identifiable latent prints which he compared with appellant's and they were identified as being made by appellant's left index finger.

Appellant testified that he did not know that there was cocaine in the car and admitted that he had seen the plastic bags before, but "there was films in it." He claimed a man named Milton Jones had paid him $200 to deliver a briefcase containing film to Ohio, that he was driving north to find work and that the $800 in cash that he carried was travel money. He admitted that the automobile in question was his, that he assisted the trooper in the search, that even if he had read the consent form he would have had no objection to the search;

but that he claimed that he had signed it thinking it was a warning citation.

1. The trial court did not err in denying the motion to suppress. There was probable cause for the trooper to stop him for speeding through both the trooper's testimony and appellant's admission that he set the cruise control on his automobile at 57 m.p.h. after observing the speed limit to be 55 m.p.h. While there might not have been probable cause for the search, there was evidence of a valid consent to search; appellant signed the consent form, gave no indication that he did not understand the form; he was not given any inducement or threats to sign it, and he admitted that even if he had not read the form, he had no objection to the search. A valid consent to search eliminates an officer's need for probable cause. *Wilson v. State*, 179 Ga. App. 780 (347 SE2d 709) (1986).

2. Appellant claims that the court below further erred in failing to suppress statements made by him pursuant to a stop for a traffic violation and made prior to informing him of his *Miranda* rights. Steward claims that statements made to the arresting officer during the traffic stop regarding the contents of the locked box were used at trial to impeach him. Appellant does not cite to the record where the alleged impeachment occurred and we cannot find it. We do find, however, that he admitted that the statements were voluntarily given. A voluntary statement which fails to comply with the requirements of *Miranda* is admissible for impeachment purposes. *Harris v. New York*, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971). Roadside questioning at a routine traffic stop does not constitute a custodial situation which triggers the *Miranda* warnings requirement that occurs when a violator is placed in custody or under arrest. *Lebrun v. State*, 255 Ga. 406 (339 SE2d 227) (1986). In this case, appellant was not placed under arrest or taken into custody during the traffic stop; he was merely given a warning citation and *Miranda* warnings were not required.

3. In his final enumeration of error, appellant contends that the trial court erred in refusing to sentence him under OCGA § 16-13-31 (f). Appellant was sentenced under OCGA § 16-13-31 (a) (1), which requires that: "Any person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in actual possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in cocaine and, upon conviction thereof, shall be punished as follows: (A) If the quantity of the cocaine or the mixture involved is 28 grams or more, but less than 200 grams, the person shall be sentenced to a mandatory minimum term of imprisonment of ten years and shall pay a fine of $100,000." Appellant claims that the court should have sentenced him

under subsection (f) which provides: "Any person who violates any provision of this Code section, in regard to trafficking in cocaine, illegal drugs, or marijuana shall be punished by imprisonment for not less than five years nor more than 30 years and a fine not to exceed $500,000."

An examination of all the provisions contained in OCGA § 16-13-31 reveals that it sets forth various drug offenses and then states the range of punishment depending upon the nature of the violation. Subsection (a) (1) (A) is set forth above. Subsection (a) (1) (B) provides that if the quantity of cocaine involved is between 200 and 400 grams, the mandatory sentence is 15 years imprisonment and a $250,000 fine. Subsection (c) provides for a minimum 25 years in prison and a fine of $500,000 when more than 400 grams of cocaine are involved. Under subsection (C), which deals with marijuana trafficking, similar provisions apply depending upon the quantity of the contraband. Subsection (1) provides for a mandatory sentence of 5 years and a fine of $25,000 for 100-2,000 pounds; subsection (2) requires a mandatory term of imprisonment of 7 years and a fine of $50,000 for 2,000 to 10,000 pounds; and subsection (3) requires a maximum prison sentence of 15 years and a fine of $200,000 for more than 10,000 pounds. Other sections of this code section which deal with other controlled substances contain similar provisions requiring mandatory prison sentences and fines depending upon the quantity of the substance involved. We therefore find that in view of the specific sentences required for a specified offense that OCGA § 16-13-31 (f) is a general provision and in large part a superfluity. It merely states the range of punishment for the offenses set forth in the preceding subsections and places a cap of 30 years and a fine of $500,000 for the most serious offense.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED APRIL 6, 1987 —
REHEARING DENIED APRIL 17, 1987 —

*J. Lane Bearden,* for appellant.
*Darrell E. Wilson, District Attorney,* for appellee.