74203. MILLER v. THE STATE.
(357 SE2d 876)

POPE, Judge.

On February 6, 1986 appellant was observed by Agent R. F. Jordan, a GBI agent assigned to the Drug Enforcement Administration Airport Task Force at Atlanta-Hartsfield International Airport, when he exited from a flight from Fort Lauderdale, Florida. Based on the drug courier profile, Jordan's attention was attracted to appellant due to his disheveled appearance and because he was wearing a heavy coat in the warm airport, was carrying only a small tote bag and had no checked baggage, avoided making eye contact with other people although he spoke to the airline agent, and was continually looking around in a nervous manner. When appellant went to another gate to await his connecting flight, Jordan ascertained that appellant had a one-way cash ticket purchased the night before under the name Marvin Doe, and that the listed reservation call-back number did not receive incoming telephone calls. Jordan approached appellant, identified himself as a police officer and asked to talk to him. When appellant agreed Jordan asked to see his airline ticket, which appellant handed him, and verified the reservation information previously

obtained. Appellant identified himself as Marvin Doe when asked his name, but had no identification with him to show that this was in fact his name.

Jordan then told appellant that he and another officer who was seated behind appellant were looking for drugs coming through the airport and would appreciate his cooperation by allowing them to search his bag and person. Appellant seemed very nervous, but agreed and opted to go to a private room for the search. Once there his consent to search rights were read to him and he stated upon being asked that he understood them and to "go ahead and search." Appellant's bag was searched but no contraband was found. However, during a pat down search a package was found taped to his back containing a white powdery substance. When asked what was in the package, appellant first responded, "It's coke," but then said it was "his coat." The officers confiscated the package, which was subsequently tested and found to contain 223 grams of cocaine and another substance with a purity of 87% cocaine; appellant was arrested, tried and convicted of trafficking in cocaine and giving a false name to a police officer. On appeal he asserts that his motion to suppress evidence of the contraband found on his person was improperly denied because his consent to the search was obtained by means of coercion. *Held*:

We do not agree. "The facts disclose a valid police-citizen encounter followed by [appellant's] consent to the officer's examination of [his person and tote bag.] [Cits.] Thus, the appeal presents only a question of fact as to whether there was a valid consent to search. This was a matter exclusively within the province of the factfinder, the trial court. [Cit.] After a full exposure of the facts, the trial court found consent for the search of [appellant's person]. That finding must be accepted by this court unless clearly erroneous. [Cit.] We find competent and sufficient evidence to support the trial court's conclusion of voluntariness. A search with consent legally obtained continues throughout the duration of the search unless revoked. [Cit.] There is no evidence that [appellant] ever denied the officers permission to [search] after first giving them such permission. There was no error by the trial court in its denial of the motion to suppress." *Conley v. State*, 180 Ga. App. 662, 663-64 (350 SE2d 45) (1986). See also *Reid v. State*, 179 Ga. App. 144 (345 SE2d 635) (1986); *Del Rio v. State*, 171 Ga. App. 381 (3) (320 SE2d 236) (1984).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MAY 22, 1987.

*Robert L. Ferguson*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assis-*

*tant District Attorney*, for appellee.