## 75683. SPENCER v. THE STATE.
(366 SE2d 390)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of trafficking in cocaine. The sole enumeration of error challenges the denial of defendant's motion to suppress evidence. *Held*:

Between 3:00 and 4:00 a.m. on the morning of April 24, 1986, a State trooper with the Georgia State Patrol observed a vehicle driven by defendant cross the centerline and the fog line on I-75. The trooper stopped the vehicle and asked defendant to see defendant's driver's license and the registration to the automobile. Defendant produced a rental agreement for the vehicle and his Tennessee driver's license.

During the course of his conversation with defendant the trooper "asked where he had been, where he was going, what type of work he was involved in, etcetera." The trooper testified that defendant responded "that he was a mechanic or service manager for [a] trucking company, . . . in Nashville and had flown to Miami to look at some trucks in which his boss had been interested in purchasing, and that he had flown down there and was driving back to Nashville." The trooper also testified that, "I then asked him how come — well, if he had flown down there why did he not fly back? He advised that he enjoyed driving and he preferred to drive back. I asked if he had any additional clothing, which he advised that he did not. . . ."

The trooper then returned the documents to defendant along with a warning citation for weaving. Having become suspicious, the trooper then asked for permission to search the vehicle. The trooper testified that defendant responded, "Sure, go ahead," and that defendant "took the keys from the ignition and opened the trunk of the car." The trooper proceeded to search the vehicle, finding the quantity of cocaine which defendant seeks to suppress.

"The voluntariness of a consent to search is determined by looking to the 'totality of the circumstances,' *Schneckloth v. Bustamonte*, 412 U. S. 218, 229 (93 SC 2041, 36 LE2d 854) (1973), including such

factors as the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused. In determining voluntariness, no single factor is controlling. Id. at 226." *Dean v. State*, 250 Ga. 77, 80 (295 SE2d 306). The trial court's decision on questions of fact and credibility at the suppression hearing must be accepted by the appellate courts unless clearly erroneous. *Williams v. State*, 151 Ga. App. 833, 834 (261 SE2d 720).

Under the facts and circumstances in the case sub judice, we find no error in the trial court's denial of defendant's motion to suppress. *Wilson v. State*, 179 Ga. App. 780, 781 (1) (347 SE2d 709); *Steward v. State*, 182 Ga. App. 659, 660 (1) (356 SE2d 890).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED FEBRUARY 24, 1988.

*Bobby D. Wilson*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.