75374. LOAIZA v. THE STATE.
(366 SE2d 404)

CARLEY, Judge.

Appellant was arrested and indicted for trafficking in cocaine. He was tried before a jury and a verdict of guilty was returned. Appellant appeals from the judgment of conviction and sentence entered on the verdict.

1. Appellant filed a motion to suppress. The trial court refused to allow appellant to incorporate into the record of the hearing on his motion the transcripts of hearings on other motions to suppress which involved the same arresting officer as in this case. The trial court also refused to allow appellant to introduce evidence as to other traffic stops which had been made by the arresting officer and which were similar to the stop that the officer had made of appellant. The trial court's rulings limiting the evidentiary scope of the hearing on appellant's motion to suppress and ultimately denying the motion on the merits are enumerated as error.

As the search at issue in this case was made pursuant to the written consent of appellant, the question for determination at the hearing on the motion to suppress was whether appellant's " 'consent was, *in fact*, freely and voluntarily given.' [Cit.]" (Emphasis in original.)

*Clare v. State*, 135 Ga. App. 281, 284 (3) (217 SE2d 638) (1975). The type of evidence which the trial court refused to allow appellant to present at the hearing was not probative of this dispositive issue. The trial court correctly held that the excluded evidence was irrelevant to whether appellant's consent was freely and voluntarily given.

Based upon the relevant evidence that was produced at the hearing, the trial court's denial of appellant's motion to suppress was not error. "There was probable cause for the trooper to stop [appellant] for speeding through both the trooper's testimony [that appellant was traveling at 68 mph in a 55 mph zone] and appellant's admission that he [was speeding]. While there might not have been probable cause for the search, there was evidence of a valid consent to search; appellant signed the consent form, gave no indication that he did not understand the form; he was not given any inducement or threats to sign it, and he admitted that . . . he had no objection to the search. A valid consent to search eliminates an officer's need for probable cause. [Cit.]" *Steward v. State*, 182 Ga. App. 659, 660 (1) (356 SE2d 890) (1987).

2. Asserting prosecutorial misconduct, appellant made several motions for mistrial. The trial court's denial of these motions is enumerated as error.

The first motion for mistrial was made during voir dire. " 'The time for making a motion for mistrial is not ripe until the case has begun, and the trial does not begin until the jury has been impaneled and sworn. . . . A motion for a postponement of the case until new jurors who had not heard the question asked were selected would have been the proper motion here. [Cit.] Since the motion for mistrial was made before the jury was impaneled and sworn, the trial court did not err in overruling it.' [Cit.]" *Mize v. State*, 173 Ga. App. 368, 368-369 (3) (326 SE2d 785) (1985). See also *Smalls v. State*, 174 Ga. App. 698 (1) (331 SE2d 40) (1985).

Another motion for mistrial was made during the evidentiary portion of the trial. However, in that instance, appellant did not renew his motion for mistrial after the trial court had given curative instructions to the jury. "Where the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is without merit. [Cit.]" *Chandler v. State*, 143 Ga. App. 608, 609 (2) (239 SE2d 158) (1977). See also *Baine v. State*, 181 Ga. App. 856, 858-859 (4) (354 SE2d 177) (1987).

The last motion was in connection with the State's closing argument. The counsel for the State, purporting to quote Edmund Burke, stated that "all that is necessary for evil to survive is that good men do nothing." Upon appellant's objection, the trial court instructed the jury to disregard this comment as improper argument. "Closing argu-

74

ments by the district attorney which appeal to the safety of the community and general prevention of crime are proper. [Cit.] The trial judge's ruling in denying a mistrial will not be disturbed on appeal unless it appears that he manifestly abused his discretion. [Cit.]" *Burke v. State*, 153 Ga. App. 769, 771 (8) (266 SE2d 549) (1980). See also *Callahan v. State*, 179 Ga. App. 556, 564 (5) (347 SE2d 269) (1986). Error, if any, as to this incident was in the trial court's determination that the argument of the counsel for the State was improper, rather than in its failure to grant a mistrial.

3. Appellant enumerates the general grounds. Specifically, he urges that the State failed to prove that he was in *knowing possession* of the cocaine that was found in the car he was driving, which is an essential element of the violation of OCGA § 16-13-31 (a).

In the prosecution of offenses wherein knowing possession constitutes an element of the crime, "[k]nowledge, of course, may be shown by circumstances which should excite suspicion in the mind of an ordinarily prudent man. [Cits.]" *Williamson v. State*, 134 Ga. App. 329, 332 (214 SE2d 415) (1975). The evidence as to the existing circumstances in this case, including appellant's own description of how he came into possession of the automobile which contained the 29.9 kilograms of cocaine, was sufficient under the rule enunciated in *Williamson* to authorize the jury to find that appellant had knowingly possessed the cocaine. Construing the evidence produced at trial most strongly in favor of the guilty verdict, we find that a rational trior of fact could reasonably have found appellant guilty of trafficking in cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 25, 1988.

*Joseph P. Quirk*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.