## 75850. RANEY v. THE STATE.
## 75998. TATMAN v. THE STATE.
### (368 SE2d 528)

Sognier, Judge.

Appellants were convicted in a joint trial of trafficking in cocaine and they appeal. In their sole enumeration of error appellants contend the trial court erred by denying their motion to suppress.

Evidence presented at a hearing on the motion disclosed that Kenneth Hancock of the Georgia State Patrol observed a car on I-75 go partially into the emergency lane, travel several car lengths and return to the proper lane of travel. Hancock stopped the car to determine if the driver had been drinking; Raney was the driver of the car and Tatman was a passenger. Officer Hancock determined immediately that Raney had not been drinking, and accepted his explanation that he had been driving for several hours and fatigue probably caused him to go into the emergency lane. Raney had a valid Texas driver's license, but had no registration for the car, which bore Illinois tags. (Hancock testified that it was not required that a person have a registration certificate in the car.) Raney told Hancock that he had moved recently from Texas to Illinois and the car belonged to a friend, although Raney could not remember his friend's name. Hancock had radioed the tag number to his headquarters prior to stopping Raney, but did not receive a report back indicating the car was stolen. Therefore, Hancock wrote a courtesy warning ticket which he gave to Raney; at the same time he returned Raney's driver's license to him. Although Hancock testified that Raney was free to leave at that time, he did not inform Raney of this; rather, he started questioning Raney as to why he was on I-75, and asked where he had been. Raney informed Hancock that he and Tatman had been in Tampa a couple of days visiting friends, and were returning to Illinois. Hancock then asked Tatman about the trip to Florida, and he stated they had been in St. Petersburg a couple of days visiting friends. Hancock then told Raney he was suspicious that some type of crime had been committed because of appellants' conflicting stories, and because Raney could not state who owned the car. Hancock also testified he was suspicious because there was no luggage in the rear seat, although there was, in fact, a small travel bag and a couple of articles of clothing in the rear seat of the car. Because of his suspicions, Hancock asked Raney's permission to search the car, and he

replied, "[y]eah, okay." Hancock then got a consent to search form from his patrol car, which he filled out; he gave the form to Raney and asked him to read and sign the form. Raney apparently read the form and gave no indication he did not understand it before signing the form and returning it to Hancock. Included in the form was a statement that the search was being made in connection with an investigation of a crime of illegal contraband. The form also advised Raney that he did not have to consent to a search without a warrant, and that he could withdraw his consent to search at any time. Hancock could not articulate any specific suspicion, and testified that he thought there could be a dead body in the trunk, or the car might be stolen, or appellants could be carrying drugs. When Hancock searched the passenger compartment of the car he found two suspected marijuana seeds on the right front floorboard; two suspected marijuana seeds on the right front passenger seat; and a Taco Bell paper sack on the right front floorboard which contained a plastic bag containing a green leafy substance which Hancock suspected was marijuana, and two plastic bags containing a white powder which Hancock suspected was cocaine.

Appellants argue that a general, inarticulable suspicion will not support a warrantless search, and assuming that the stop was authorized, a brief *Terry* stop (*Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889)), is limited to the identification and licensing of the driver, a protective pat-down of the outer clothing for weapons if deemed necessary, and limited questioning about the circumstances that justified the initiation of the momentary stop. Appellants argue that once Hancock issued the courtesy ticket and returned Raney's driver's license to him, Hancock's right to investigate under *Terry* stopped. They point specifically to Hancock's testimony that once he had issued the courtesy warning ticket, the traffic enforcement aspect of the stop was terminated.

There is no question that Hancock was authorized to stop Raney to determine if he was intoxicated. While a reasonable investigative stop does not offend against the Fourth Amendment, a *Terry* stop is subject to strict boundaries regarding duration, intent, and scope. *State v. Smith*, 164 Ga. App. 142, 146 (2) (296 SE2d 141) (1982). Such a stop has been described by this court as a brief stop, limited in time to that minimally necessary to investigate the allegation invoking suspicion, and limited in scope to identification and limited questioning reasonably related to the circumstances that justified the initiation of the momentary stop. Id. Thus, once Hancock determined that Raney was not intoxicated, that he had a valid driver's license, and that the car was not stolen (evidenced by the fact that he received no report back from his headquarters), Hancock had no authority to detain appellants further. However, even if the further de-

tention of appellants was not authorized it does not necessarily follow that the fruits of the search should have been suppressed. *Thompson v. State*, 248 Ga. 343, 344 (2) (285 SE2d 685) (1981). "During recent years, the question of whether or not a defendant freely consented to a search has been determined by application of the 'totality of the circumstances' test enunciated in *Schneckloth v. Bustamonte*, 412 U. S. 218, 226 (93 SC 2041, 36 LE2d 854) (1973)." Id.

The total time elapsed in this case, from the time Hancock stopped appellants until he searched the car and found contraband, was approximately seven minutes. There is nothing to indicate that Raney did not consent freely and voluntarily to a search of his car, and the form he signed informed him fully of his rights in regard to a consent to search. There is no indication that Hancock coerced Raney in any way in order to obtain his consent to search. Even though Hancock had no probable cause and nothing more than a general suspicion that there might be contraband in the car, it is well settled that one of the exceptions to the requirement of both a warrant and probable cause is a search conducted pursuant to consent. *Mancil v. State*, 177 Ga. App. 663, 664 (340 SE2d 279) (1986). Considering the totality of the circumstances, we find that the consent was given freely and voluntarily, that the time involved did not constitute an unreasonable intrusion into appellants' privacy, and even if appellant was detained beyond the time minimally necessary to investigate the circumstances which caused the initial stop, appellant Raney's consent authorized the search. Hence, the trial court did not err in denying appellants' motion to suppress. See *Thompson*, supra; *Loaiza v. State*, 186 Ga. App. 72 (366 SE2d 404) (1988).

*Judgments affirmed. Deen, P. J., and Carley, J., concur specially.*

CARLEY, Judge, concurring specially.

I agree with the judgment of affirmance and with the general analysis of the majority opinion vis-a-vis the validity of the consent search. However, the majority characterizes the State Patrolman's initial stop of the vehicle occupied by appellants as being a "*Terry* stop (*Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889))." It was not. As articulated by the decision cited by the majority, *State v. Smith*, 164 Ga. App. 142 (2) (296 SE2d 141) (1982), a *Terry* stop requires only articulable suspicion. In this case, the initial stop was based upon probable cause. See generally *State v. Bassford*, 183 Ga. App. 694 (359 SE2d 752) (1987).

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

DECIDED APRIL 4, 1988.

*Robert M. Bearden, Jr.*, for appellant (case no. 75850).
*Cynthia T. Adams*, for appellant (case no. 75998).
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.