76529. BEGUIRISTAIN v. THE STATE.
(369 SE2d 774)

DEEN, Presiding Judge.

Carlos Beguiristain appeals from his conviction and sentence of trafficking in cocaine.

1. Appellant first contends that the court below erred in denying his motion to suppress. The evidence showed that Beguiristain and Jose Antonio Garcia were traveling from Florida to Chicago on I-75 when they were stopped by a deputy sheriff for speeding at 65 m.p.h. in a 55 m.p.h. zone in Whitfield County. The vehicle driven by the deputy sheriff was equipped with a videotape camera and microphone. The entire stop and ensuing search was recorded on videotape.

After stopping the vehicle, the deputy requested to see appellant's driver's license. Beguiristain produced his license, but the name and photograph appeared to be washed out. He volunteered to retrieve a copy of the original application from his suitcase in the trunk. When appellant opened the trunk, the deputy noticed that there was very little luggage. This fact, combined with his observation that the two young men were Hispanic, that the car's license plates indicated it was from Dade County, Florida, and that the men had food in the car (indicating that they were not stopping en route to Chicago to eat), caused the officer to believe that they fit the drug courier profile. He therefore asked for consent to search the vehicle for contraband. After appellant orally consented to the search, the officer completed a

consent to search form, which appellant indicated that he understood and then signed. The deputy and his companion officer conducted a search while a third officer who appeared on the scene watched. A paper bag containing 510 grams of a white powder, later determined to be 80 percent cocaine, was recovered from beneath an ashtray in the center console which housed the automatic transmission. The officers conducted the search with each one starting at opposite ends of the vehicle and then rechecking the area where the other had already searched. The bag was so well concealed it was not discovered until the area was checked by the second officer.

As the deputy sheriff observed a violation of the traffic laws, he had probable cause for the stop. *Steward v. State*, 182 Ga. App. 659 (356 SE2d 890) (1987); *Eisenberger v. State*, 177 Ga. App. 673 (340 SE2d 232) (1986). After observing the videotape of the stop and search, the trial court found appellant "voluntarily consented to the search of the vehicle," and a consent to search form signed by appellant was introduced into evidence. The court was authorized by the evidence to find that appellant freely and voluntarily consented to the search. *Mendez v. State*, 185 Ga. App. 1 (363 SE2d 262) (1987); *Steward v. State*, supra. Appellant's argument that he was misled as to the extent of the search is without merit. Appellant was informed that the officers would be searching for contraband, and at no time did he object to the search or attempt to revoke his consent, although the officer informed him that it would just take a second and that they would not disturb anything. "A search with consent legally obtained continues throughout the duration of the search unless revoked." *Miller v. State*, 183 Ga. App. 55, 56 (357 SE2d 876) (1987). We find no error in the trial court's ruling.

*United States v. Smith*, 799 F2d 704 (11th Cir. 1986), relied upon by appellant is not controlling in this case. In *Smith*, no violation of the traffic laws was observed by the arresting officers. In the instant case, the appellant was speeding at 10 m.p.h. above the posted speed limit. The stop was therefore not pretextual, as in *Smith*, supra.

2. Appellant asserts as error the trial court's denial of his motion for a reduction in the minimum mandatory sentence for trafficking in drugs, claiming that he was entitled to such consideration under OCGA § 16-13-31 (e) (2).

The record is devoid of any evidence that appellant offered "substantial assistance in the identification, arrest or conviction of any of his accomplices, accessories, co-conspirators or principals," as required under the above-cited Code section. The evidence showed that only Garcia, his co-defendant, spoke with the detective following their arrest, and that Garcia was also the only one to offer information when interviewed the following morning. When called as a witness at trial by his co-defendant, Beguiristain refused to answer any ques-

tions by invoking his right not to incriminate himself. The only statement that he made at trial was that he did not make any incriminating statement to the officers.

Where a person provides "substantial assistance" to law enforcement officers, this information may be brought to the attention of the sentencing court by motion of either the defendant or the district attorney, or upon inquiry by the court. *Brugman v. State*, 255 Ga. 407 (339 SE2d 244) (1986). During sentencing in the instant case, the District Attorney informed the court that "substantial compliance" did not exist. The judge did not foreclose appellant from consideration under the statute, as contended, but rather stated he would not consider the motion until there was a written motion filed by the District Attorney. "If he refuses to file it, then you can file some kind of motion challenging the statute." Given the total lack of evidence of appellant's cooperation or assistance with the law enforcement authorities, and the statutory requirement that there must be such cooperation in order to receive the statutory benefits, we find no error.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 28, 1988 —
REHEARING DENIED MAY 16, 1988 —

*Edward R. Shohat, Ira N. Loewy,* for appellant.
*Jack O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney,* for appellee.