## 75916. BORDA v. THE STATE.
(369 SE2d 327)

BEASLEY, Judge.

Borda appeals his conviction of trafficking in cocaine, OCGA § 16-13-31 (a) (1), following a bench trial. His sole enumeration is the denial of his motion to suppress.

The motion was based on the Fourth Amendment and the corresponding Georgia provision, Ga. Const., Art. I, Sec. I, Par. XIII, and contended that the search was conducted without probable cause, without consent, and without a warrant.

Viewed in the light favorable to the state, the evidence showed that Borda arrived on a flight from Miami, one of the source cities for drug trafficking. As he left the plane, he ignored the airline agent who was aiding passengers with connecting flights and proceeded to view

the monitors in the concourse. He then discarded a portion of his ticket in the trash, from which GBI agent Jordan retrieved it. Borda kept looking over his shoulder and appeared to be watching to see if anyone was observing him.

Agent Jordan and Officer Simmons had the airline obtain the reservation record on the ticket, which indicated that it was a one-way ticket purchased with cash, another characteristic of the drug courier profile. *Scott v. State*, 253 Ga. 147, fn. 1 (317 SE2d 830) (1984). They then walked up to Borda, who was leaving a restaurant on the concourse, and began to talk to him as they walked along. Without being asked to stop and without being restrained in any way, Borda stopped and began to talk to the officers. Upon request, he showed them his ticket and his driver's license. Both bore his true name. At this point, the officers identified themselves to Borda and stated they were narcotics officers trying to interdict drugs at the airport. Borda became very nervous, his hands began to shake and he began to perspire.

The officers asked if he would consent to a search and he agreed. They gave him the option of going to a more private place, which they did. There, Agent Jordan read him his rights regarding the search, including his right to refuse the search. Borda orally consented and handed Officer Simmons his tote bag, which contained no contraband. Agent Jordan asked if he could pat him down. Borda raised up his arms and started turning so that his right side was away from the agent. Upon reaching up on Borda's right side, Agent Jordan felt a lump in Borda's coat pocket. When he asked what it was, Borda reached for the lump, Agent Jordan said he would remove it, and he did. The clear plastic bag contained others holding white powder — 99 grams of 90 percent pure cocaine.

"Where the state seeks to justify a warrantless search on grounds of consent, it 'has the burden of proving that the consent was, in fact, freely and voluntarily given.' [cit.] A valid consent eliminates the need for either probable cause or a search warrant. [cit.] The voluntariness of a consent to search is determined by looking to the 'totality of the circumstances.' [cit.] . . . ." *Dean v. State*, 250 Ga. 77, 79 (2 a) (295 SE2d 306) (1982).

The trial court's ruling on disputed facts and credibility must be accepted unless clearly erroneous. *Muff v. State*, 254 Ga. 45, 48 (326 SE2d 454) (1985); *Lockwood v. State*, 184 Ga. App. 262, 263 (1) (361 SE2d 195) (1987). The trial court found that Borda's consent was freely and voluntarily given. Borda does not dispute that he gave his consent to search his bag, but contends he did not specifically further consent to the patdown. There is sufficient evidence in the record to support a separate non-verbal consent to the patdown. Moreover, applicable is the maxim that "[o]nce consent is legally obtained, it continues until it is either revoked or withdrawn. [Cit.]" *Mixon v. State*,

184 Ga. App. 623, 624 (362 SE2d 111) (1987); *Miller v. State*, 183 Ga. App. 55, 56 (357 SE2d 876) (1987). We hold that no violation of either of the invoked constitutional provisions has been shown. Appellant raised two constitutional grounds but cited no authority construing either of them in a manner supportive of his contention.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 3, 1988.

*Martin L. Cowen III, Linda S. Cowen*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.