77134. THE STATE v. FRICKS.
(374 SE2d 749)

McMURRAY, Presiding Judge.
The State appeals from the superior court's order sustaining defendant Fricks' motion to suppress. Defendant is charged by a three-count indictment with the offenses of carrying a concealed weapon and two violations of the Georgia Controlled Substances Act (possession of methamphetamine and possession of less than one ounce of marijuana). *Held*:

On May 15, 1987, a State patrolman checked defendant's vehicle on radar at 68 miles per hour in a 55-mile-per-hour zone. The officer stopped defendant, who was traveling alone. In response to the officer's request the defendant produced his driver's license and vehicle registration, which were in order. The officer wrote defendant a warning for speeding. Then the officer returned defendant's driver's license and registration, and gave defendant a copy of the warning for speeding. After handing the documents to defendant, the officer asked defendant and was refused permission to search defendant's vehicle. The officer then asked defendant "if he had any contraband such as drugs, illegal guns, or illegal liquor in his vehicle." Defendant responded that he had a bottle of wine and a pistol in his vehicle. In response to further questions from the officer, defendant stated that he did not have a license for the pistol which was loaded and on the dash of the vehicle.

The officer, who had previously looked through the window at the dash of the vehicle without seeing a pistol went back to defendant's vehicle and looked into the vehicle but still did not see the pistol. Subsequently, the officer found a loaded pistol on the dash beneath a glove. At that time defendant was placed under arrest for carrying a concealed weapon. Defendant's vehicle was impounded and the controlled substances were discovered during a subsequent inventory search of his vehicle.

Under the facts and circumstances of the case sub judice the officer had probable cause to search the dash of defendant's vehicle following defendant's statement that he did not have a license to carry a pistol, and that a loaded pistol was located on the dash of defendant's vehicle. These statements by defendant combined with the officer's memory of his prior observation of the dash of defendant's vehicle were sufficient to cause a reasonably prudent person to believe that defendant had committed the offense of carrying a concealed weapon.

See OCGA § 16-11-126 (a). Since the officer did not lack probable cause to arrest defendant on the weapons charge the subsequent impoundment of defendant's vehicle and routine inventory thereof was proper.

The officer's pre-arrest questions to defendant did not trigger the *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), warnings requirement since roadside questioning at a routine traffic stop does not constitute a custodial situation such as occurs when a violator is placed in custody or arrested. *LeBrun v. State*, 255 Ga. 406, 407 (3) (339 SE2d 227); *Steward v. State*, 182 Ga. App. 659, 660 (2) (356 SE2d 890); *Berkemer v. McCarty*, 468 U. S. 420 (104 SC 3138, 82 LE2d 317). The superior court erred in granting defendant's motion to suppress.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 28, 1988 —
REHEARING DENIED OCTOBER 20, 1988

*Roger G. Queen, District Attorney, J. Roger Thompson, Assistant District Attorney*, for appellant.
*George W. Weaver, Brenda T. Weaver*, for appellee.