A89A0012. RAMIREZ v. THE STATE.
(384 SE2d 279)

POPE, Judge.

Appellant was indicted for trafficking in cocaine. This interlocutory appeal was granted to review whether the trial court properly denied appellant's motion to suppress.

At approximately 11:00 p.m. on January 20, 1988, Georgia State Patrolman McDermitt observed a maroon Dodge automobile traveling north on I-95 in Glynn County, Georgia. Because the car had drifted over the right white line into the emergency lane a couple of times, the trooper pulled the car over. Before he got out of his car, the trooper activated a videocamera mounted on the dash of his car and recorded the events that followed. The trooper asked appellant, the driver and only occupant of the car, to step out of the car and asked for his driver's license and registration. Appellant produced his license, but could not find the registration and told the trooper the car belonged to a friend. The trooper told appellant he stopped him because he was weaving and appellant indicated that he had a problem with his steering. In response to the trooper's question of whether he had been drinking, appellant said no.

The trooper then told appellant he was going to write him a warning ticket. As he wrote, the trooper engaged appellant in conversation about where he was going. Appellant told him he was going to Savannah, Georgia, to visit a cousin. The trooper handed the warning ticket to appellant and then asked if appellant objected if the trooper looked in his car. Appellant acted as though he did not understand what the trooper said and the trooper repeated the request with gestures to add to the meaning of the words. Appellant then said, "yeah," gesturing toward the car. He went to get the keys for the trooper, but for his own safety, the trooper stopped him and got them himself. A subsequent search revealed the cocaine. Trooper McDermitt testified at the motion to suppress hearing and the video-

256

tape was admitted into evidence and viewed by the court. *Held:*

Appellant argues that the stop was merely pretextual, that he was detained unconstitutionally and that he did not give consent to search voluntarily. We find none of these arguments persuasive and affirm.

Trooper McDermitt articulated a definite reason for stopping appellant: he observed him weaving into the emergency lane and thought he might be a less safe driver for some reason or that he might be driving an unsafe vehicle. The argument that the stop was merely pretextual and that the case is controlled by *United States v. Smith,* 799 F2d 704 (11th Cir. 1986) was rejected by this court in a previous case in which the initial stop was made because the defendant was observed weaving. *Pupo v. State,* 187 Ga. App. 765 (1) (371 SE2d 219) (1988). The procedure followed by the trooper of talking to the driver and then giving a warning ticket, all within a span of five to ten minutes, was not improper. *Raney v. State,* 186 Ga. App. 758 (368 SE2d 528) (1988); *Spencer v. State,* 186 Ga. App. 54 (366 SE2d 390) (1988).

Although a viewing of the videotape shows that appellant certainly did not have a great command of the English language, it does show that he understood the trooper without much difficulty until the trooper asked if he could look in the car. At that point, appellant said his English was not so good and looked confused. After the trooper repeated the request, appellant hesitated, then stepped back and with an inviting gesture toward the car said "yeah" and repeated it.

"Where the state seeks to justify a warrantless search on grounds of consent, it has the burden of proving that the consent, was, in fact freely and voluntarily given. A valid consent eliminates the need for either probable cause or a search warrant. The voluntariness of a consent to search is determined by looking to the totality of the circumstances." (Citations and punctuation omitted.) *Borda v. State,* 187 Ga. App. 49, 50 (369 SE2d 327) (1988).

We find that the evidence presented to the trial court authorized the finding that, from the totality of the circumstances, appellant freely and voluntarily gave consent to the search. See generally *Pupo v. State,* supra; *Beguiristain v. State,* 187 Ga. App. 164 (1) (369 SE2d 774) (1988).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JULY 12, 1989.

*Allen & Perry, Roy L. Allen II, Kevin E. Perry, David Roberson* for appellant.

*Glenn B. Thomas, Jr., District Attorney, John B. Johnson III,*

*Assistant District Attorney*, for appellee.

