DECIDED SEPTEMBER 26, 1989.

*Richard R. Kirby*, pro se.
*Ed Martin*, for appellees.

A89A1954. VINCENTE v. THE STATE.
(387 SE2d 24)

DEEN, Presiding Judge.

The appellant, Aramis Vincente, was pulled over by a state patrolman for travelling 23 miles per hour over the posted speed limit on I-75. (Vincente's vehicle was accompanying, bumper to bumper, another vehicle that was stopped by another state patrolman.) Acting on a hunch, after observing in the passenger compartment a screwdriver with what appeared to be some black insulation material on it, the state patrolman asked for Vincente's consent to search the car. Because Vincente indicated that he spoke no English, the patrolman presented a consent to search form written in Spanish, which Vincente read and signed. The patrolman made a cursory search of the interior and trunk, and then had the car towed to the state patrol station, where another patrolman undertook a thorough search and found approximately 1 kilogram of cocaine in the right quarter panel of the vehicle.

Vincente subsequently moved to suppress the evidence on the basis that the officers had no probable cause to search his vehicle. The trial court, however, denied the motion, and Vincente was in turn convicted of trafficking in cocaine and speeding. This appeal followed. *Held*:

The state patrolman had probable cause to stop Vincente's vehicle because of the violation of the traffic laws. *Beguiristain v. State*, 187 Ga. App. 164 (369 SE2d 774) (1988); *Williams v. State*, 187 Ga. App. 409 (370 SE2d 497) (1988). The evidence authorized the trial court to find that Vincente freely and voluntarily consented to the search of the vehicle. *Loaiza v. State*, 186 Ga. App. 72 (366 SE2d 404) (1988). Accordingly, the trial court properly denied Vincente's motion to suppress.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 26, 1989.

*L. Clark Landrum*, for appellant.
*David E. Perry, District Attorney*, for appellee.