A90A1700. SANTANA v. THE STATE.
(397 SE2d 629)

DEEN, Presiding Judge.

The appellant, Eduardo Santana, was convicted of trafficking in cocaine, stemming from the discovery of nine kilograms of cocaine in his car when he was stopped for speeding on I-75. On appeal, Santana contests the legality of the search and seizure, and contends that the trial court should have found that Santana provided substantial assistance in identifying another cocaine trafficker and reduced his sentence accordingly.

On November 29, 1988, a state trooper stopped Santana's rental

car after clocking it on the radar as travelling 71 m.p.h. in a 65 m.p.h zone. The trooper decided to issue only a warning citation, and engaged in conversation as he checked Santana's Florida driver's license and the rental agreement on the vehicle. He became suspicious over a discrepancy between Santana's declared length of his intended visit to Detroit, Michigan, and the earlier return date on the rental agreement, and asked for permission to search the car. A back-up state trooper had arrived by that time and witnessed Santana's verbal consent to search the vehicle. The trooper immediately found the nine kilograms of cocaine in a piece of soft luggage in the hatchback area of the car. The troopers then placed Santana under arrest and transported him to the Sheriff's office, where Santana subsequently claimed that the luggage belonged to another man named Favio Gonzales, who had been in the car at the time of the traffic stop and who had apparently exited the car and escaped while the state trooper was checking Santana's license and rental agreement. The state troopers, however, saw no one else in or running from Santana's car. *Held*:

1. Santana concedes that the initial stop of his vehicle for a traffic violation was lawful. See *Williams v. State*, 187 Ga. App. 409 (370 SE2d 497) (1988). According to the arresting officer, immediately upon advising Santana of the warning, he asked Santana for permission to search the vehicle, twice explaining the intended scope of the search, and Santana responded that "it was fine with him." Considering the totality of the circumstances, this evidence authorized the trial court's finding that Santana freely and voluntarily consented to the search of his car. *Bruce v. State*, 191 Ga. App. 580 (382 SE2d 367) (1989); *Beguiristain v. State*, 187 Ga. App. 164 (369 SE2d 774) (1988). The initial traffic stop having been lawful, the investigating officer's lack of probable cause or articulable suspicion that Santana was transporting cocaine, at the time he requested permission to search the vehicle, did not invalidate the consent granted.

2. OCGA § 16-13-31 (e) (2) allows reduction or suspension of the mandatory sentence for trafficking in cocaine, if the trial court finds that the defendant has provided "substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals." In the instant case, the trial court declined to reduce or suspend Santana's sentence pursuant to this statute, finding that even if the identified Fabio Gonzales existed, he was not present in the car at the time of the traffic stop, or the state trooper would have seen him. Under these circumstances, the trial court did not err in doing so.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 9, 1990.

*Ralph M. Hinman III*, for appellant.
*Jack O. Partain III, District Attorney, Todd L. Ray, Assistant District Attorney*, for appellee.