### A93A2346. MAXWELL v. THE STATE.
(438 SE2d 389)

BLACKBURN, Judge.

Harvey Wilburn Maxwell was convicted by a jury of a violation of the Georgia Controlled Substances Act for his possession of cocaine. Maxwell appeals the trial court's denial of his motion to suppress the evidence.

On appeal, Maxwell first argues that the search of his person exceeded the scope allowed under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). In the absence of consent, we would agree. However, the State contended and the trial court agreed that Maxwell consented to the search of his person. "Consent searches are valid but where the State relies upon consent, it has the burden to demonstrate from all the circumstances that the consent was voluntary and not the result of duress or coercion, express or implied. If it appears that a valid consent was given to search, such consent eliminates the need for either probable cause or a search warrant. In determining whether a search and seizure was reasonable, an appellate court can consider all relevant evidence of record, wherever located, including that adduced at a suppression hearing before trial and that adduced during trial. [Cit.] Moreover, the trial court's decision, express and implied, as to credibility and disputed questions of fact at a suppression hearing must be accepted on appeal unless clearly erroneous. [Cits.]" *Garcia v. State*, 207 Ga. App. 653, 654 (428 SE2d 666) (1993).

On January 4, 1992, at approximately 12:30 a.m., two members of the Cobb County Sheriff's Department observed Maxwell standing on a street corner attempting to flag down cars. Prior to stopping, the officers passed Maxwell three or four times in their marked sheriff's car. Although the officers testified that it was a known drug area, they did not witness any drug transactions involving Maxwell. At the hearing on Maxwell's motion to suppress, Officer Anderson testified that he and his partner approached Maxwell and that he asked Maxwell "what he was doing." Maxwell responded that he was just standing on the corner. Officer Anderson then asked Maxwell if he had any drugs or weapons on him. When Maxwell responded that he did not, Officer Anderson asked if he could check. Maxwell agreed. Officer Anderson

then searched Maxwell and discovered a cellophane bag containing small ziplock baggies which contained a substance resembling crack cocaine. Upon chemical analysis, only a trace of cocaine was discovered in the substance seized from the ziplock baggies. At trial, Officer Tankersley testified that Maxwell gave consent for the search of his person. Maxwell did not present any evidence at the motion to suppress hearing or at trial.

In order to determine whether Maxwell's consent was given voluntarily, we must examine "the totality of the circumstances, including the age of the accused, his education and intelligence, the length of detention, whether he was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of these factors. [Cits.]" (Punctuation omitted.) *State v. Jackson*, 201 Ga. App. 810, 815 (412 SE2d 593) (1991). This examination assists in our determination as to "whether a reasonable person would feel free to decline the officers' request to search or otherwise terminate the encounter. [Cit.]" (Punctuation omitted.) Id. at 814.

In the present case, the evidence revealed that Maxwell was 29 years old at the time of his arrest and that he had previous felony convictions. The length of the inquiry made of Maxwell was very short; he was asked only two questions before he agreed to consent to be searched. Furthermore, there was no evidence that Maxwell was treated harshly or threatened in any way. Therefore, the only evidence shows that Maxwell voluntarily consented to be searched.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 19, 1993.

*Dudley & Wright, Charles K. Wright, Jr.*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.