## 60987. MOCK v. THE STATE.

BANKE, Judge.

On appeal from the revocation of his probation for burglary, the appellant contends that the only condition of his probation which he was shown to have violated was a prohibition against the consumption of alcoholic beverages and that his probation cannot be revoked for such a violation because there was undisputed evidence that he was an alcoholic. *Held:*

The prohibition against consumption of alcohol was clearly authorized by Code Ann. § 27-2711 (1), which specifies that the court may require the probationer to "avoid injurious and vicious habits." There is no authority for the proposition that an alcoholic is exempt from such a condition. The revocation is thus affirmed. However, the sentence must be vacated due to an ambiguity therein. The original burglary sentence was two years' confinement, to be followed by three years' probation. The appellant was evidently released from the jurisdiction of the Department of Offender Rehabilitation and placed on probation prior to the expiration of the two years. The sentence imposed pursuant to the probation revocation was "five years . . . subject, however, to the . . . provision that subject be given credit for time served in prison and on probation . . ." Because less than two years had elapsed between the date of the original sentence and the date of the revocation, there is a possibility that the revocation sentence could be interpreted as imposing a new period of confinement in excess of the original 3-year period of probation. The case is therefor remanded with direction that the revocation sentence be changed to three years, with credit both for time served by the appellant on probation since the completion of the confinement portion of his original sentence and for time already served in confinement as a result of this revocation.

*Judgment affirmed with direction. McMurray, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 3, 1980 — DECIDED DECEMBER 5, 1980.

*Douglas Gibson,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.