A89A0608. THE STATE v. DIAZ et al.
(383 SE2d 195)

BANKE, Presiding Judge.

The state appeals the grant of a motion by the appellees, Diaz and Rodriquez, to suppress evidence seized during the warrantless search of a van in which they were riding.

After observing the van enter and leave three successive service

stations and "weave" between lanes of traffic, Officer Scott of the Glynn County, Georgia, Police Department stopped it to determine whether the driver, appellee Diaz, was under the influence of alcohol. At the officer's request Diaz produced his driver's license and the vehicle registration receipt evidencing his ownership of the vehicle. The officer asked Diaz whether he had been drinking, and Diaz responded that he had consumed one or two beers. The officer then administered a field alcosensor test to him, which, according to the officer, revealed that although he had been drinking, "[h]e wasn't D.U.I."

While waiting for radio verification of Diaz's vehicle registration documentation, the officer began to talk with the passenger, appellee Rodriquez. At this time, the officer noticed a package of cigarette rolling papers on the dashboard of the van. This prompted him to ask Diaz, "Would you mind if I take a look inside your vehicle?" Diaz responded that he would not, and the officer then placed the two appellees in the back of the patrol car, entered the van, seized the package of rolling papers, and opened it. Inside, he found a folded dollar bill which later tested positive for cocaine residue. He then radioed for the assistance of a drug investigative team on duty in the vicinity and, while awaiting their arrival, "continued the search" of the van. During the course of this search, he opened a shaving kit which was located between the two front seats and discovered inside it two bags of ᶇ green leafy substance, which proved to be marijuana.

The officer admitted that he did not request permission to "search" the van, and the record contains no indication that he explained the purpose of his investigation prior to asking Diaz for permission to "look inside" the vehicle. At the suppression hearing, Diaz testified that he had not intended to give the officer permission to "search throughout any of the items inside the van" but thought the officer only wanted to "see if there was somebody else inside the van," which was a panel-type vehicle containing no side windows. *Held*:

1. The state contends that, as a mere passenger, appellee Rodriquez had no legal basis upon which to challenge the legality of the search of the vehicle and the seizure of its contents. In *Rakas v. Illinois*, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978), the Supreme Court held that passengers occupying an automobile could not invoke the protections of the Fourth Amendment with respect to a search of the vehicle where they "asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized." Id. 439 U. S. at 148. Accord *McGhee v. State*, 253 Ga. 278, 279 (319 SE2d 836) (1984); *Mecale v. State*, 186 Ga. App. 276 (367 SE2d 52) (1988). In the present case, however, the evidence revealed that appellee Rodriquez had paid appellee Diaz $200 to transport him from Tampa to New York in the van and then back to Tampa with his (Rodriquez's) family and personal belongings. While Rodriquez de-

nied any interest in the property seized from the vehicle, he testified that clothing and bedding belonging to him were contained in the van. Under such circumstances, we conclude that Rodriquez was more than a mere passenger in the vehicle. His position was instead analogous to that of a lessee of a rented vehicle, with the result that he could legitimately claim a reasonable expectation of privacy with respect to it. Compare *Mecale*, supra. We therefore conclude that "the disputed search and seizure has infringed an interest . . . which the Fourth Amendment was designed to protect" (*Rakas v. Illinois*, supra, 439 U. S. at 140), such that appellee Rodriquez was entitled to challenge the legality of the search.

2. The state contends that the trial court erred in concluding that Diaz had not consented to a full-scale search of the interior of the vehicle and its contents. We disagree. Where a motion to suppress is filed, the burden is, of course, on the state to prove the legality of the search and seizure. See generally *State v. Slaughter*, 252 Ga. 435, 436 (315 SE2d 865) (1984); *Phillips v. State*, 167 Ga. App. 260, 261 (305 SE2d 918) (1983); OCGA § 17-5-30. It is apparent without dispute from the officer's own testimony that he asked merely for permission to "look inside" the vehicle and gave Diaz no indication that he intended to seize and examine the contents of any items or containers therein. "This was the outer extent of investigation consented to; the scope of the consent clearly did not extend to a full-blown search of the interior and [containers found therein]. . . . We know of no case which has allowed police officers arbitrarily to expand the scope of a consent search. [Cits.]" *Love v. State*, 144 Ga. App. 728, 733 (242 SE2d 278) (1978) (overruled on other grounds in *Parker v. State*, 161 Ga. App. 37, 38 (288 SE2d 852) (1982), and *McKinney v. State*, 184 Ga. App. 607, 610 (362 SE2d 65) (1987)). We accordingly hold that the motion to suppress was properly granted. Compare *Bruce v. State*, 191 Ga. App. 580 (382 SE2d 367) (1989) (where the appellant admitted having consented to the search); *Williams v. State*, 187 Ga. App. 409 (2) (370 SE2d 497) (1988) (where the appellant freely and voluntarily executed a consent form authorizing the search).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JUNE 6, 1989.

*Glenn Thomas, Jr., District Attorney, C. Keith Higgins, Assistant District Attorney*, for appellant.

*James A. Chamberlin, Jr.*, for appellees.