## A90A0266. CHASTAIN v. THE STATE.
### (395 SE2d 570)

BIRDSONG, Judge.

Chastain appeals his conviction of violating the Georgia Controlled Substances Act by trafficking in cocaine. The cocaine was found in his automobile after he was stopped at a police "courtesy roadblock." He contends the trial court erred by denying his motion to suppress the cocaine and admitting in evidence a statement he made to the police. *Held*:

1. Chastain's first enumeration alleges the trial court erred by denying his motion to suppress the drugs seized because he did not consent to the search, and the search was conducted through the use of pretext. He maintains the search was illegal because he was stopped at a police roadblock, was told that his car was going to be searched and was not asked for his consent, and was not told the purpose or scope of the search.

The State contends, however, that Chastain was lawfully stopped at the roadblock, was detained for further investigation because he apparently hid something as he approached the roadblock, and was asked for and gave his consent before his car was searched. Further, he voluntarily assisted in the search and did not at any time during the search withdraw his consent. The State also contended that once Chastain consented to the search of the car, there was no requirement to obtain his consent each time a container in the car was searched.

This court's responsibility in reviewing the trial court's decision on a motion to suppress is to ensure that there was a substantial basis for the decision. *Brown v. State*, 190 Ga. App. 324, 326 (378 SE2d 908). We construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility must be adopted unless they are clearly erroneous. *Ragin v. State*, 192 Ga. App. 686, 687 (385 SE2d 770); *Watson v. State*, 190

Ga. App. 696 (379 SE2d 817). Further, " '[o]n motion to suppress evidence, the trial judge sits as the trior of the facts, hears the evidence, and his findings . . . are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them].' [Cit.]" *Ward v. State*, 193 Ga. App. 137, 138 (387 SE2d 150).

Contrary to Chastain's assertions, the evidence supports the trial court's findings that the roadblock was not conducted as a pretext for a search of his car, and that the roadblock was authorized. *State v. Golden*, 171 Ga. App. 27 (318 SE2d 693). Further, the officer's testimony about Chastain's actions as he approached the roadblock was sufficient to warrant the trial court's finding that the officers were authorized to conduct a further investigation and to request Chastain for his consent to search the car. See *Brooks v. State*, 129 Ga. App. 109 (198 SE2d 892).

Moreover, the record supports the trial court's finding that Chastain voluntarily consented to a search of the car. Therefore, the officers were authorized to search the car and its contents unless Chastain withdrew his consent or limited the scope of the search. See *Borda v. State*, 187 Ga. App. 49, 50 (369 SE2d 327); *Mixon v. State*, 184 Ga. App. 623, 624 (362 SE2d 111). The evidence does not show that he did either. Instead, the record shows that he voluntarily opened the car's trunk and the briefcase for the officers. Further, Chastain's argument regarding the authorized scope of the search is not applicable to a consent search in which no restrictions were imposed.

The record is sufficient to support the finding that the State met its burden of demonstrating that Chastain voluntarily consented to the search, and that his consent was not the result of duress or coercion, express or implied. See *Lombardo v. State*, 187 Ga. App. 440 (370 SE2d 503). Therefore, the trial court did not err by denying this motion to suppress.

2. Chastain also asserts that the trial court erred by admitting in evidence the statement he made to the police to the effect that he was only keeping the cocaine for someone who asked him to hold it until after Christmas. At trial he argued that the statement should not be admitted because the police had not followed the usual procedures for taking statements since there was no signed rights waiver and the statement was not reduced to writing, and he was offered the hope of reward or benefit for making the statement. See OCGA § 24-3-50. The trial court, however, found the testimony of the police witnesses more creditable than Chastain's, and, therefore, found the required warnings had been given, Chastain understood his rights, and voluntarily waived them without hope of reward or benefit.

Although inconsistent with Chastain's testimony, the trial court's

findings are based upon the testimony of the various law enforcement officials in the *Jackson-Denno* hearing, and there is evidence of record supporting each of the findings.

On appeal, where the evidence is in conflict, the trial court's findings on factual determinations and credibility will be upheld unless clearly erroneous. *Short v. State*, 256 Ga. 165, 167 (345 SE2d 340); *Head v. State*, 191 Ga. App. 262, 264-265 (381 SE2d 519). Our review of the record shows that the trial court's determinations were not clearly erroneous, and there was no error in the admission of the statement.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MAY 25, 1990 —
REHEARING DENIED JUNE 21, 1990 — CERT. APPLIED FOR.

*William L. Auld, Weaver & Weaver, Brenda S. Weaver, George W. Weaver*, for appellant.

*C. Andrew Fuller, District Attorney, C. David Turk, Assistant District Attorney*, for appellee.