A93A2554. MACK v. THE STATE.
(441 SE2d 503)

SMITH, Judge.

Angel Mack was convicted by a jury of trafficking in cocaine, and her motion for new trial was denied. She appeals, enumerating as error only the trial court's finding that her trial counsel was effective.

Mack asserts that her trial counsel was ineffective in six ways. However, only one is supported by argument and citation of authority. Consequently, the other enumerated alleged instances of ineffectiveness are deemed abandoned. Court of Appeals Rule 15 (c) (2). We address only Mack's argument that trial counsel was ineffective in failing to file a motion to suppress the cocaine found in her car.

Under the two-pronged test set forth in *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), in order to show ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense. *Brogdon v. State*, 255 Ga. 64, 67 (3) (335 SE2d 383) (1985). In the order denying Mack's motion for a new trial, the trial court ruled that had a motion to suppress been filed it would not have been successful because Mack "freely and voluntarily consented to the search of her vehicle." It may arguably have been better practice for trial counsel to file such a motion. However, if the trial

court's ruling is correct, trial counsel's failure to do so did not prejudice Mack's defense, and her burden under *Strickland* has not been met.

The relevant evidence presented at trial showed that an anonymous tip was telephoned to the Atlanta Police Department's Red Dog Narcotics Unit. The tipster informed the police that a tan car was at a certain intersection and that its occupants were selling drugs. The license tag of the car was also given. Three officers observed a vehicle meeting the description, and they turned their patrol car around to determine whether the license tag matched as well. After confirming that the license tag matched the one described in the tip, the officers left the patrol car and approached the vehicle. Officer R. W. Anderson testified the car was parked on the wrong side of the street with its engine running and had two occupants. A woman, later identified as Mack, was in the driver's seat, and a man was in the front passenger seat. Officer Anderson approached the driver and asked for her driver's license and insurance card. The driver began looking for both. When she opened the glove compartment, Investigator J. Sellers, who was positioned on the passenger side, observed a gun and signaled Anderson. Concerned for their own safety, the officers then had the car's occupants step out of the car. Anderson testified that the driver asked him why they had been stopped, and he told her about the anonymous tip. According to Anderson, the driver then told him she "didn't have any drugs, and if I wanted to, I could look in the vehicle and see if there were any drugs in the vehicle." Sellers testified that Anderson asked if he could search the car and Mack consented. Mack admitted she had given Anderson permission to search the car but denied she had been told they were looking for drugs.

Anderson looked under the driver's seat and saw nothing. He then reached up and flipped down the sun visor on the driver's side, and a gold and white box fell to the seat and spilled its contents: Mack's driver's license and several large "cookies" of crack cocaine. Mack and the passenger were then arrested. Sellers testified the cocaine weighed sixty-six grams and was packaged in nine plastic bags inside the box. A forensic chemist from the State Crime Laboratory testified that the nine pieces of plastic bags containing cocaine weighed fifty-eight grams.

1. Mack first argues that the initial stop of her car was unlawful. We agree with Mack that under *Alabama v. White*, 496 U. S. 325 (110 SC 2412, 110 LE2d 301) (1990), an anonymous tip whose reliability may not be tested because it makes no prediction about future behavior does not by itself authorize officers to stop a vehicle. See, e.g., *Moreland v. State*, 204 Ga. App. 218 (418 SE2d 788) (1992); *Johnson v. State*, 197 Ga. App. 538 (398 SE2d 826) (1990). This court, however, has acknowledged that such a tip does warrant further police

observation and investigation. *Moreland*, supra at 219; *Johnson*, supra at 539-540. Here, the police came upon the car described in the tip and observed that it was parked on the wrong side of the street with its engine running, a violation of OCGA § 40-6-200 (a). Although the officers were certainly conscious of the anonymous tip when they stopped Mack, they were not required to refrain from stopping her for the traffic violation merely because they suspected her of selling drugs. See generally *State v. Tate*, 208 Ga. App. 117, 121 (430 SE2d 9) (1993). They were authorized to stop Mack and check her driver's license and insurance card.

2. Citing *State v. Diaz*, 191 Ga. App. 830, 832 (383 SE2d 195) (1989), Mack also contends that Anderson's search exceeded the scope of her consent. She argues that she gave Anderson permission only to "look in" her car, but he turned down the sun visor. See also *State v. Corley*, 201 Ga. App. 320, 321 (411 SE2d 324) (1991).

The facts in *Diaz* are clearly distinguishable from those here. First, unlike the defendant in *Diaz*, Mack in her own testimony admitted that Anderson asked if he could "search" her car. Second, the decision in *Diaz* turned at least partly on the fact that "the officer, who merely asked for permission 'to look inside' the car, gave no indication of the purpose of his investigation," and the defendant testified he thought the officer merely wished to see if anyone else was in the van. *Gossett v. State*, 199 Ga. App. 286, 287 (1) (c) (404 SE2d 595) (1991); see *Diaz*, supra at 831. Here, as in *Gossett*, the officer testified that he told Mack they had received a tip that she was selling drugs, indicating clearly the purpose of his proposed investigation. Although this testimony was contradicted by that of Mack, the trial court in deciding the merits of a motion to suppress would be authorized to believe the testimony of Anderson. See generally *Wells v. State*, 206 Ga. App. 513, 515 (1) (426 SE2d 231) (1992).

Finally, unlike either *Diaz* or *Corley*, the contraband was not found in the search of closed containers in the vehicle. The minor physical exertion required to turn down the sun visor caused the contraband to fall onto the seat in plain view. See *Garcia v. State*, 207 Ga. App. 653, 656 (1) (c) (428 SE2d 666) (1993).

A trial court's finding that a defendant has been afforded effective assistance of counsel must be affirmed unless clearly erroneous. *Foreman v. State*, 200 Ga. App. 400, 401 (3) (408 SE2d 178) (1991). The trial court's determination that the cocaine was found in a search of Mack's car pursuant to Mack's valid consent to the search was supported by evidence. It was not, therefore, clearly erroneous. Consequently, the contraband would not have been suppressed had a motion to suppress been filed. It follows that Mack's trial counsel was not ineffective in failing to file such a motion. The trial court correctly denied Mack's motion for new trial on that ground.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 25, 1994.

*Daniel B. Kane*, for appellant.
*Lewis R. Slaton, District Attorney, Barry I. Mortge, Donald P. Geary, Assistant District Attorneys*, for appellee.