A99A1435. THE STATE v. VARNER.
(521 SE2d 247)

MCMURRAY, Presiding Judge.

The State appeals the trial court's order granting defendant's motion to suppress cocaine found in defendant's possession during a warranted search of a house in which defendant was a visitor. Although the evidence adduced at a motion to suppress hearing may be subject to varying interpretations, we must construe it most favorably to the upholding of the trial court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646). We, therefore, adopt (quote) the trial court's findings of fact.

> On January 29, 1998, [Narcotics Agent] Marcus Neville [of the Hall County Sheriff's Office] executed a search warrant at 940 Cooley Drive believed to be the residence of "Ramone LNU" (last name unknown). The warrant allowed Agent Neville to search the premises and the person of "Ramone" for cocaine and drug paraphernalia. When Agent Neville entered the residence he found a large number of people sitting around a coffee table in the living room. On the table were playing cards and cash. Neville noticed Defendant and believed that he recognized him. There is no

evidence that Defendant actually lived at the 940 Cooley Drive residence. For officers' safety, Agent Neville and the other officers handcuffed the people in the living room. While Defendant was handcuffed, Neville asked him if he had any drugs. Defendant did not respond and simply looked at the ground. Neville then asked Defendant for consent to search his person. Again Defendant looked at the floor and did not respond. At this point, Neville informed Defendant that the was going to pat him down. When the officer patted Defendant down, he felt what he stated was not a weapon but what he believed to be contraband in Defendant's front pocket. Agent Neville then reached into Defendant's front pocket and retrieved a baggie containing what appeared to be crack cocaine. Neville then placed Defendant under arrest.

*Held*:

To search a person not named in a search warrant but found on the premises during the search is illegal absent independent justification for a personal search. *Bundy v. State*, 168 Ga. App. 90 (308 SE2d 213). Such a personal search may be justified to protect a searching officer from attack. OCGA § 17-5-28 (1). But the searching officer must be able to articulate particular facts upon which it would be reasonable to infer that the individual the officer searched was armed and dangerous. *Bundy v. State*, 168 Ga. App. 91, supra. See *Clark v. State*, 235 Ga. App. 569, 571 (2) (510 SE2d 319). In the case sub judice, Agent Neville justified his "pat-down" search of defendant "for officer safety." The trial court rejected this explanation, reasoning that "none of the testimony about Defendant's demeanor after being cuffed would lead to a reasonable belief that the officers were in danger of attack." This conclusion is supported by reasoning and evidence and must, therefore, be affirmed on appeal. *Tate v. State*, 264 Ga. at 54 (1), supra.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 28, 1999.

*Lydia J. Sartain, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellant.

*Summer & Summer, Daniel A. Summer*, for appellee.