### A00A2247. McNEIL v. THE STATE.
(545 SE2d 130)

JOHNSON, Presiding Judge.

A judge, sitting without a jury, found Marcus McNeil guilty of possession of cocaine. He appeals, arguing that the trial court erred in denying his motion to suppress cocaine discovered in his pants pocket during a search of his person for weapons. He admits that he consented to a search, but urges that the invasive search of his pocket exceeded his limited consent to a search for weapons. We disagree and affirm the judgment of the trial court.

Viewing the evidence in a light favorable to the trial court's ruling, the record shows the following: In executing a warrant to search Robert McNeil's home for drugs, police officers entered the home at about 9:30 p.m. and found six men, including the appellant, inside. The area in which the men were congregated was small and crowded. In order to protect themselves and to prevent the destruction of evidence, the officers handcuffed the men, told them they were not under arrest, and escorted them outside so that the house could be secured and searched. Two of the officers testified that, in their experience, where there is drug activity, there are also weapons.

While McNeil was sitting on the ground outside with the other men, before he was searched, one of the officers asked the group if any of them had "any guns, needles or things" which would be considered weapons. The officer approached McNeil, helped him stand up, and told him, "I just need to check you and make sure you don't have any weapons, needles, anything of that nature. Do you have anything on you? Do you mind if I search you?" The officer testified that he made it a point to say "search," although later he stated that he could not recall if he actually mentioned "needles" in requesting consent from McNeil. The officer also testified that "we always ask about the needles because of just the possibility of getting stuck."

McNeil replied "no" to the questions. Unsure of what McNeil meant by his response, the officer asked him if he meant that he did not mind or that he did not want the officer to search him. McNeil replied, "no, go ahead." The officer began searching the outside of McNeil's clothing, around the belt of his pants. Then,

just for safety, to make sure there's no needles or anything,

open knives, I start pulling the lining of the pocket out of each pocket. That way, I don't have to stick my hand all the way in there. I don't want to take a chance on getting poked or anything like that.

As the officer started pulling out the pocket lining, a plastic bag containing an off-white material was revealed. The object was about the size of a quarter and shaped somewhat like a gum ball. The material proved to be cocaine.

McNeil moved to suppress the cocaine, contending that he consented only to a search for weapons, not a full search for drugs, and the officer's invasive search of his pocket exceeded the scope of his consent. The state countered that once consent was given, the officer was authorized to search McNeil's pockets as part of his search for weapons. The trial court denied the motion, finding that McNeil consented to a search of his person for weapons and that the officer was in fact searching for weapons in McNeil's pockets at the time the drugs were discovered.

In reviewing the denial of a motion to suppress, we construe the record to uphold the trial court's findings and judgment.[1] The trial court's findings on issues of credibility and conflicting evidence are to be upheld unless they are clearly erroneous.[2]

In executing a search warrant, in order to protect the officers and to prevent the disposal of evidence, police officers can detain persons who are on the premises but not named in the warrant.[3] Officers cannot, however, legally search a person found on the premises but not named in the warrant, unless they have independent justification for a search.[4] If the person gives a valid consent to search his person, his consent eliminates the need for either probable cause or a search warrant.[5]

Where, as here, the officers base their authority to search on a person's consent, the scope of the consent must be measured by all of the circumstances and not only by what the person says in response to a request to search.[6] The intrusiveness of the search is limited by the permission granted, and only that which is reasonably understood from the consent may be undertaken.[7] The standard for measuring the scope of a suspect's consent is that of objective reasonableness — what would a typical reasonable person have understood

---

[1] *Davis v. State*, 232 Ga. App. 450 (1) (501 SE2d 241) (1998).
[2] Id.
[3] OCGA § 17-5-28.
[4] *State v. Varner*, 239 Ga. App. 347, 348 (521 SE2d 247) (1999).
[5] *Maxwell v. State*, 211 Ga. App. 73 (438 SE2d 389) (1993).
[6] *Springsteen v. State*, 206 Ga. App. 150, 152 (424 SE2d 832) (1992).
[7] Id.

by the exchange between the officer and the suspect?[8]

In light of all of the circumstances, a reasonable person would have understood McNeil's consent to include a search of the insides of his pants pockets. One of the officers had just asked the men if they had any weapons, including needles. When another officer asked McNeil individually if he could search him for weapons or similar objects, McNeil agreed and gave no indication that the officer could not empty his pockets in conducting the search. McNeil's knowledge of what the officer was looking for factors into the scope of the consent.[9] He knew the officer was looking for any weapons, including needles, which are small objects. Based on the videotape and other evidence, the trial court believed that McNeil and the others were asked if they had items like needles or knives, that McNeil consented to be searched for such objects, and that the officer was in fact searching for weapons, as evidenced by his careful removal of the lining to avoid being stuck by a needle or other sharp object. Because such items could be found in a pants pocket, McNeil's consent to a search of his person for weapons could reasonably be understood to allow a search of his pants pockets. Considering all of the circumstances, the trial court did not err in finding that the search did not exceed the scope of the consent given.[10] Thus, it did not err in denying McNeil's motion to suppress.

Inasmuch as the search was justified based on consent, we need not address the issue of whether the search was also justified as a *Terry*[11] pat-down frisk for weapons as part of the search of the premises.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 1, 2001 —
RECONSIDERATION DENIED FEBRUARY 15, 2001 — ■

*Lenzer & Lenzer, Robert W. Lenzer, Thomas P. Lenzer*, for appellant.

*Daniel J. Porter, District Attorney, Shampa Banerji, Assistant District Attorney*, for appellee.

---

[8] Id.; *McGaughey v. State*, 222 Ga. App. 477, 479 (474 SE2d 676) (1996).
[9] *Springsteen*, supra at 153.
[10] Id.
[11] *Terry v. Ohio*, 391 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).