## A07A2034. THE STATE v. FULGHUM.
(655 SE2d 321)

RUFFIN, Judge.

After a law enforcement officer found crystal methamphetamine and pill bottles in Alecia Fulghum's purse, she was charged with trafficking in methamphetamine and possessing controlled substances.[1] Fulghum moved to suppress the drugs, claiming that she did not consent to the officer searching her purse. The trial court granted the motion to suppress. The State appeals and, for reasons that follow, we affirm.

When reviewing a ruling on a motion to suppress, we view the evidence in a light favorable to the trial court's conclusions, and "we adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous."[2] Here, the record reflects that on February 27, 2006, Officer Scott of the Stephens County Sheriff's Office went to a house in Toccoa to assist the executor of an estate in performing an inventory of the property. Tony Kellar, who resided in the house, gave Officer Scott permission to enter and allowed him and the executor to walk through the house. In Kellar's bedroom, Officer Scott found cocaine and methamphetamine in plain view. Officer Scott called for backup and secured everyone present at the house, including Fulghum.

Fulghum signed a consent form authorizing a search of her vehicle. Because the vehicle was locked, Officer Scott asked Fulghum for the location of her keys. At the hearing on the motion to suppress, Officer Scott responded affirmatively when the State asked him "Did [Fulghum] tell you to go into her purse and get the keys?" On cross-examination, however, Officer Scott equivocated:

> Q: [She] didn't give you consent to search her purse. She told you the keys were in one of the rear bedrooms.
> A: Yes, sir.

Officer Scott confirmed that, although he had obtained written consent to search her vehicle, he did not get written consent from Fulghum to search her purse. When he opened Fulghum's purse, he found crystal methamphetamine and bottles with prescription medication belonging to someone other than Fulghum.

Fulghum moved to suppress all evidence obtained as a result of the search of her purse on the grounds that the search was warrantless, was not conducted incident to arrest, was without her consent,

---

[1] Fulghum was also charged with possession of a sawed-off shotgun and three counts of possession of a firearm during the commission of a felony.

[2] *Quick v. State*, 279 Ga. App. 835 (632 SE2d 742) (2006).

and was not justified by exigent circumstances. The trial court granted Fulghum's motion. On appeal, the State argues that this was error "because a typical reasonable person would have understood law enforcement had permission to enter [Fulghum's] purse to search for the keys to the vehicle [for] which she granted verbal and written consent to search." Our standard of review is highly deferential to the trial court; indeed, "[i]n the absence of evidence of record *demanding* a finding contrary to the judge's determination, the appellate court will not reverse [a] ruling sustaining a motion to suppress."[3]

Neither Kellar's consent to Officer Scott entering the house nor Officer Scott's subsequent discovery of drugs in plain view in Kellar's bedroom justified a search of Fulghum's purse, as she was a visitor to the house.[4] Rather, the State contends that Fulghum consented to the search of her purse, and therefore "[t]he State has the burden of proving the validity of a consensual search and must show the consent [was] given voluntarily."[5] Where a law enforcement officer's authority to conduct a search is based on consent, the reviewing court measures the scope of that consent by all of the surrounding circumstances.[6] The standard for evaluating the scope of consent "is that of objective reasonableness — what would a typical reasonable person have understood by the exchange between the officer and the suspect?"[7]

Here, Fulghum was not suspected of any crime at the time she consented to a search of her vehicle; she was merely a visitor to the house. She did not tell Officer Scott to search for her keys, but only stated where she thought they might be. And she never specifically consented to a search of her purse.[8] Under these circumstances, the

---

[3] (Punctuation omitted; emphasis in original.) *State v. McKinney*, 276 Ga. App. 69, 71 (1) (622 SE2d 429) (2005).

[4] See *State v. Stevens*, 269 Ga. App. 769, 770 (605 SE2d 406) (2004) (" 'Where the police have notice, as admitted here, that they are searching the personal effects of a visitor, such a search is illegal absent independent justification for a personal search.' "); *State v. Browning*, 209 Ga. App. 197, 198 (1) (433 SE2d 119) (1993) ("Personal belongings brought by their owner on a visit to a friend's house retain their constitutional protection until their owner meaningfully abdicates control or responsibility.").

[5] (Punctuation omitted.) *State v. Jourdan*, 264 Ga. App. 118, 120 (1) (589 SE2d 682) (2003).

[6] See *McNeil v. State*, 248 Ga. App. 70, 71 (545 SE2d 130) (2001).

[7] Id. at 71-72. The State relies on *Shuler v. State*, 282 Ga. App. 706 (639 SE2d 623) (2006), in support of its contention that Fulghum consented to the search. While some of the facts in *Shuler* are arguably similar to those here, the case is distinguishable because our decision was based not on the scope of the defendant's consent to a search of her hotel room, but on the subsequent consent of her boyfriend, who shared the hotel room and was present for the search.

[8] See generally *State v. Hanson*, 243 Ga. App. 532, 542 (532 SE2d 715) (2000) (physical precedent only) (Barnes, J., concurring specially) ("A purse is no mere container . . . it is a uniquely private item containing a person's most confidential possessions. Further, it is an item that is universally recognized as one in which a person has a reasonable expectation of privacy.").

trial court was authorized to find that a typical reasonable person would not have understood the exchange between Fulghum and Officer Scott to grant him permission to search her purse.[9] Accordingly, we affirm the grant of Fulghum's motion to suppress.[10]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 4, 2007.

*Michael H. Crawford, District Attorney, Tricia Hise Leeman, Assistant District Attorney,* for appellant.
*Harvey S. Wasserman,* for appellee.

---

[9] See *State v. Diaz,* 191 Ga. App. 830, 832 (2) (383 SE2d 195) (1989) (affirming grant of motion to suppress evidence found in containers in vehicle, when officer only asked to "look inside" vehicle "and gave [defendant] no indication that he intended to seize and examine the contents of any items or containers therein").

[10] See id.