A09A0657. DAVIS v. THE STATE.
(677 SE2d 372)

MILLER, Chief Judge.

Following a bench trial, Timothy Davis was convicted of a single count of trafficking in marijuana (OCGA § 16-13-31). Davis now appeals from the trial court's order denying his motion for new trial, asserting that the trial court erred in denying his motion to suppress. Discerning no error, we affirm.

---

[9] See *Howard v. State*, 191 Ga. App. 418 (382 SE2d 159) (1989).

In reviewing a trial court's ruling on a motion to suppress, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. [Cits.]" *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

So viewed, the evidence shows that on November 3, 2003, Officer Jay Parker of the Braselton Police Department observed a Honda Accord nearly strike the rear of a tractor-trailer on Interstate 85 in Jackson County, and then suddenly brake and move to the inside lane. Officer Parker executed a traffic stop and asked the driver, Travis Chillious, for his driver's license. Davis was seated in the front passenger seat. At that time, Officer Parker observed a silver razorblade on the front left dashboard and cigar tobacco shavings or the inside of a cigar lying on the floorboard of the passenger side, beneath Davis' seat. Based on his training and experience, Officer Parker knew that individuals who smoke marijuana sometimes hollow out and unroll a cigar wrapper and then roll the marijuana up in the wrapper, creating a "blunt." Officer Parker also detected the smell of raw marijuana and a strong odor of air freshener coming from the vehicle.

After Officer Bill Garner arrived as back-up, Officer Parker asked Chillious and Davis to step out of the vehicle for safety reasons, and while retaining Chillious' license, Officer Parker wrote out a warning citation for following too closely. Chillious was nervous and "kept moving around a lot" while Officer Parker spoke to him. Officer Parker asked Chillious whether he had any explosives or weapons, large amounts of money, or drugs in the car, including marijuana. Chillious responded in the negative to each question.

Upon returning Chillious' driver's license and issuing the warning citation to him, Officer Parker asked Chillious for his consent to search the vehicle. According to Officer Parker, Chillious responded that "somebody had told him not to let the police search his vehicle because it just wasn't a good thing." Officer Parker responded, "That's fine. That's your right. If you don't want me to search the vehicle, I'm not going to search it." Chillious then stated, "Well, that's okay. Go ahead and search." Parker asked Chillious whether he was sure and told him that he had the right to refuse the search, yet Chillious agreed to the search. Chillious testified at the suppression hearing, however, that he had merely consented to Officer Parker's request to "look in the car." Officer Parker later testified that he could not recall if Chillious consented to a search of his car or had stated, "I don't mind you looking in my vehicle."

While searching the car, Officer Parker noticed that the smell of unburned marijuana became stronger, but he found no marijuana in the front or back seat. Officer Parker retrieved Chillious' car key

from the ignition and opened the car trunk, and upon doing so, he detected a very strong odor of marijuana and observed two new Atlanta Braves jackets lying on top of a black trash bag. Beneath the trash bag and the jackets, Officer Parker discovered two large bales of marijuana wrapped in red plastic wrap, with numbers or other writing on the outside of them. Next to the bales of marijuana, Officer Parker found a large industrial-sized black trash bag containing some fairly large unwrapped square bricks of marijuana. A pungent odor emanated from the bag. During his search of the car, Officer Parker also found a black gym bag containing $2,413 in cash, marijuana residue seeds, loose marijuana stems and leaves, and approximately 20 cans of air freshener.

During the bench trial, Chillious testified that he received $2,000 from a man in Anderson, South Carolina, to travel to Atlanta to retrieve the marijuana and bring it back to Anderson. Davis admitted that he and Chillious had retrieved some marijuana and they were on their way back to Anderson with it.

After a hearing, the trial court denied Davis' motion to suppress, and he was convicted of trafficking in marijuana in the stipulated bench trial that followed. Thereafter, he filed a motion for a new trial, which the trial court denied. This appeal followed.

Davis asserts that the trial court erred in denying the motion to suppress because the search of Chillious' vehicle was not supported by valid consent, articulable suspicion, or other justification. We disagree.

Davis argues that the evidence was conflicting as to whether Officer Parker asked for and obtained consent to search the car or the more limited right to "look in" the car. Davis asserts that it was the latter and argues that, accordingly, Officer Parker exceeded the scope of Chillious' consent by searching the trunk.

The trial court did not resolve this disputed issue of fact but rather held that even if Chillious merely consented to Officer Parker "looking in" the car, Officer Parker did not exceed the scope of such consent by unlocking the trunk. Here, Officer Parker told Chillious about the problems with contraband and other illegal items being transported on state highways in Braselton and Jackson County before making inquiry about large sums of currency or drugs. Given that Officer Parker had placed Chillious on notice that he was looking for contraband, we agree with the trial court that Officer Parker did not exceed the scope of Chillious' consent by searching the trunk of the car. See *Gossett v. State*, 199 Ga. App. 286, 287 (1) (c) (404 SE2d 595) (1991) (where officer had inquired whether defendant was transporting contraband, trial court held that the officer did not exceed the scope of defendant's consent to "look in" the car when he searched the trunk); compare *State v. Diaz*, 191 Ga. App.

830, 832 (2) (383 SE2d 195) (1989) (officer gave no indication of the purpose of his proposed investigation and merely asked for permission "to look inside" the van and was not authorized to conduct a full-blown search of interior and containers therein). Further, Chillious did not revoke or withdraw his consent at any time.

For the reasons set forth above, we affirm the trial court's order denying Davis' motion for new trial.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 3, 2009.

*Donna A. Seagraves*, for appellant.

*Richard K. Bridgeman, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.