## S08G1898. BROOKS v. THE STATE.
### (677 SE2d 68)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Brooks v. State*, 292 Ga. App. 445 (664 SE2d 827) (2008), to consider whether reasonable grounds were required to justify a search and seizure of probationer Jerry Matthew Brooks' person and/or property despite the existence of a validly imposed special condition of probation that prospectively waived Brooks' Fourth Amendment rights. Upon further scrutiny of the record, however, we conclude that this is not the appropriate case to address that issue because this case turns on the validity of a consent to search. We thus leave for another day the question of whether a probation search must be supported by reasonable grounds despite a Fourth Amendment waiver.

During a period of time that Brooks was serving the probated portion of a sentence for a prior felony drug conviction, officers assigned to the Cherokee County Multi-Agency Narcotics Squad (CMANS) were informed by the Cherokee County Sheriff's Department about complaints that Brooks had lodged accusing CMANS agents of conducting annoying surveillance of his property and interfering with his privacy. In addition, CMANS officers received two anonymous tips that Brooks was in possession of methamphetamine. The officers inquired into the terms of Brooks' probation agreement and learned that certain special conditions had been imposed. In pertinent part, Brooks was prohibited from consuming alcohol or controlled substances; he was required to produce urine and/or blood specimens to be tested for the presence of such prohibited substances upon request of law enforcement officers; and he was subject to a search of his home and/or person with or without a warrant whenever requested to do so by law enforcement officers. Based on the foregoing information, several officers went to Brooks' residence to conduct a probation search. The officers identified themselves and stated that they were there to conduct a probation search in accordance with Brooks' probation agreement. Brooks replied, "okay," and voiced no objection to the search. The officers found nothing of interest in the house and asked if they could have a key to a padlocked barn on the property. Brooks replied that he did not have the key but he offered to crawl inside through a hole

underneath the building and let the officers in. An officer replied that he could not allow Brooks to do that because there could be a gun in there; Brooks replied, "well, there is a gun in there." The officer then informed Brooks that it was necessary to break the lock, to which Brooks replied, "go ahead." The officers did so and entered the barn. After looking around, they informed Brooks that they could not find a gun in the barn. Brooks replied, "that's right, I forgot, I shot a few rounds out of it the other night." He directed the officers to a piece of PVC pipe behind the barn where he had concealed the gun. The officers retrieved a twelve-gauge shotgun from that location, and then asked Brooks for a urine sample. Brooks willingly provided the officers with the sample, stating that it "would be hot for methamphetamine." Brooks was advised of his *Miranda* rights and he invoked his right to counsel.

After the state crime lab determined the presence of methamphetamine in Brooks' urine, an indictment was returned charging him with possession of methamphetamine and possession of a firearm by a convicted felon. A pretrial motion to suppress was denied. A bench trial was held in which Brooks conceded that he possessed both methamphetamine and the weapon. He also stipulated that during the search of his home he informed the officers of the location of the shotgun and acknowledged having used it a few days earlier. Brooks was found guilty as charged, and the Court of Appeals affirmed. *Brooks*, supra.

In *Fox v. State*, 272 Ga. 163 (2) (527 SE2d 847) (2000), this Court determined that a special condition of probation pursuant to which a defendant waived his Fourth Amendment rights was invalid because it was not properly obtained as part of the plea bargaining process. The Court went on to consider whether reasonable grounds existed to justify the search despite an invalidly imposed condition of probation. In analyzing the issue, we acknowledged that *"when a probationer has not consented to a search*, a warrantless search of probationer's home must be based upon reasonable grounds to believe that the probationer has contraband in the home or is engaged in some criminal activity there." (Emphasis supplied.) Id. at 166 (2). We thus address whether Brooks validly gave consent to the search and seizure which led to his indictment and conviction.

It is well settled that a valid consent to a search eliminates the need for either probable cause or a search warrant. *Schneckloth v. Bustamonte*, 412 U. S. 218, 219 (93 SC 2041, 36 LE2d 854) (1973); *Meschino v. State*, 259 Ga. 611 (4) (385 SE2d 281) (1989). "In order to justify a warrantless search on the grounds of consent, the State has the burden of proving that the consent was freely and voluntarily given under the totality of the circumstances." *Raulerson v. State*, 268 Ga. 623, 625 (2) (a) (491 SE2d 791) (1997). "[I]t is only by

analyzing all the circumstances of an individual consent that it can be ascertained whether in fact it was voluntary or coerced." *Schneckloth*, supra 412 U. S. at 233. See *Dean v. State*, 250 Ga. 77 (2) (a) (295 SE2d 306) (1982) (setting forth factors to be considered in assessing the totality of the circumstances). Here, there is no allegation that entry by the officers onto Brooks' property was unauthorized. In fact, Brooks himself complained to law enforcement authorities alleging improper surveillance of his property and thus invited the officers to investigate further. In addition, the officers had received two telephone tips claiming that Brooks was involved with methamphetamine. If proven true, such conduct would have violated the special condition of probation which prohibited Brooks from consuming controlled substances.[1] Nor is there any evidence of coercive police tactics. The uncontroverted testimony of the officer who conducted the search showed that Brooks was cooperative, even friendly toward him, and offered to assist him in locating the gun.[2] There is no allegation that Brooks' age or level of intelligence rendered his consent involuntary. Nor do we accept Brooks' assertion that he merely acquiesced to a claim of lawful authority in allowing the search as such is clearly belied by the evidence of his cooperation and participation. There was no showing that the officers misrepresented their authority to enter and search against Brooks' will, if necessary. Compare *Bumper v. North Carolina*, 391 U. S. 543 (88 SC 1788, 20 LE2d 797) (1968) (coercion found where officers announced that they had a warrant and then attempted to justify the search solely on the basis of consent); *United States v. Elliott*, 210 FSupp. 357 (D. C. Mass. 1962) (where officers erroneously represented they had authority to enter against will of defendant, subsequent consent to search was coerced and invalid).

Accordingly, we hold that under the totality of the circumstances, the State has carried its burden of demonstrating that Brooks' consent to search was freely and voluntarily given. Because the Court of Appeals upheld the denial of the motion to suppress, albeit for another reason, we affirm the judgment below.

*Judgment affirmed. All the Justices concur, except Carley and Melton, JJ., who concur specially.*

---

[1] There is no claim that the special condition of probation authorizing testing for illegal substances was constitutionally invalid or improperly imposed. See generally *Mock v. State*, 156 Ga. App. 763 (275 SE2d 393) (1980) (prohibition against consumption of alcohol authorized by predecessor to OCGA § 42-8-35 (a) (1)).

[2] Brooks himself acknowledged these facts at his sentencing hearing.

MELTON, Justice, concurring specially.

I respectfully disagree with the majority's conclusion that we do not need to presently answer the question addressed to the parties on certiorari of "[w]hether the State must demonstrate 'reasonable grounds' to justify a search or seizure despite the existence of a validly imposed condition of probation or parole that prospectively waived the probationer or parolee's Fourth Amendment rights." In this case, the facts make it difficult to determine whether there was adequate independent consent at the time of the search as opposed to mere acquiescence. There is no showing that the police asked for and received consent to search. There is a showing that the police represented Brooks' probation agreement as authority to search and that Brooks accommodated them. The majority equates the act of accommodation as consent. Rather than rule on this basis, I would reach the question presented on certiorari and find that reasonable grounds are not necessary to justify a probation search like the one in this case.

As a special condition of probation, Jerry Matthew Brooks knowingly and voluntarily waived his Fourth Amendment rights with regard to future searches. Under these circumstances, I would hold that, because Brooks agreed to this special condition, he consented to a search like the one in this case. See *Samson v. California*, 547 U. S. 843, 857 (IV) (126 SC 2193, 165 LE2d 250) (2006) ("[T]he Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee" where parole conditions include parolee's consent to such searches); *Fox v. State*, 272 Ga. 163, 166 (2) (527 SE2d 847) (2000) ("when a probationer *has not consented* to a search, a warrantless search of a probationer's home must be based upon reasonable grounds") (emphasis supplied); *People v. Robles*, 23 Cal. 4th 789, 795 (2000) ("[A] person may validly *consent in advance* to warrantless searches and seizures in exchange for the opportunity to avoid serving a state prison term") (emphasis supplied). As a result of his conviction, Brooks chose to pay this price for his freedom, and the State has the right to the full benefit of that bargain.

I am authorized to state that Justice Carley joins me in this special concurrence.

DECIDED APRIL 28, 2009 —
RECONSIDERATION DENIED JUNE 1, 2009.

*John A. Nuckolls, Sr., John A. Nuckolls, Jr.*, for appellant.

*Garry T. Moss, District Attorney, Lawton W. Scott, Sara A. Thompson, Assistant District Attorneys*, for appellee.