## A09A2188. THE STATE v. NEESE.
### (691 SE2d 883)

BERNES, Judge.

Jerry Lee Neese was charged with possession of methamphetamine. The state appeals an order granting Neese's motion to suppress evidence obtained during what the state contends was a valid search pursuant to consent. For the reasons set forth below, we affirm.

In reviewing a trial court's ruling on a motion to suppress, we construe the evidence and all inferences to be drawn from the evidence in the light most favorable to the trial court's decision. See *State v. Goode*, 298 Ga. App. 749, 750 (681 SE2d 199) (2009). To the extent that the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, we review de novo the trial court's application of the law to undisputed facts. *Davis v. State*, 297 Ga. App. 319, 320 (677 SE2d 372) (2009).

So viewed, the evidence showed that Neese was fishing in a private residential neighborhood when he was approached by a police officer who was patrolling the area in response to a suspicious person alert. The officer asked Neese for his identification. Neese, who was carrying a fishing pole and a backpack, told the officer that the officer could retrieve his identification from the backpack. Prior to opening the backpack, the officer asked Neese whether "there was anything else in the backpack that [he] need[ed] to be concerned about." Neese replied, "No. You can check it." The officer then searched the backpack and found, among a large number of fishing supplies, Neese's identification card and a flashlight with a screw-on tail cap. He opened the tail cap, and found crystal methamphetamine inside.

---

Neese moved to suppress evidence of the contraband, arguing that the officer's warrantless search of his backpack violated his Fourth Amendment right against unreasonable searches and seizures. Specifically, Neese argued that, to the extent that the officer's entry into his backpack was based upon consent, the consent was limited to a search for his identification and that which the officer would "be concerned about," i.e., weapons, and did not extend to the interior of his small, handheld flashlight. The state, on the other hand, argued that Neese consented to a general search of the interior of his backpack, thereby authorizing the search of the flashlight. The trial court suppressed the evidence after concluding that the officer's search exceeded the scope of Neese's consent.

A valid consent to search eliminates the need for either probable cause or a search warrant. *Brooks v. State*, 285 Ga. 424, 425 (677 SE2d 68) (2009). And

> [w]here, as here, the officers base their authority to search on a person's consent, the scope of the consent must be measured by all of the circumstances and not only by what the person says in response to a request to search. The intrusiveness of the search is limited by the permission granted, and only that which is reasonably understood from the consent may be undertaken. The standard for measuring the scope of a suspect's consent is that of objective reasonableness — what would a typical reasonable person have understood by the exchange between the officer and the suspect?

(Footnotes omitted.) *McNeil v. State*, 248 Ga. App. 70, 71 (545 SE2d 130) (2001). See *Pincherli v. State*, 295 Ga. App. 408, 412-413 (2) (c) (671 SE2d 891) (2008). The burden is on the state to prove that the consent was freely and voluntarily given under the totality of the circumstances. *Brooks*, 285 Ga. at 425; *State v. Jourdan*, 264 Ga. App. 118, 120 (1) (589 SE2d 682) (2003).

Here, the officer did not inform Neese that he was looking for narcotics prior to seeking his consent to enter the backpack. Compare *Taylor v. State*, 230 Ga. App. 749, 751-752 (1) (e) (498 SE2d 113) (1998); *Semelis v. State*, 228 Ga. App. 813, 815-816 (1) (b) (493 SE2d 17) (1997); *Springsteen v. State*, 206 Ga. App. 150, 152-153 (424 SE2d 832) (1992); *Chastain v. State*, 196 Ga. App. 50, 51 (1) (395 SE2d 570) (1990). And viewing, as we must, all inferences in the light most favorable to the trial court's order, Neese's consent otherwise could reasonably be construed to extend only to a search for weapons. See *Goode*, 298 Ga. App. at 750. This limited consent thus authorized the officer to search all areas of Neese's backpack where a weapon might

reasonably be found. See *McNeil*, 248 Ga. App. at 71. ("The intrusiveness of the search is limited by the permission granted, and only that which is reasonably understood from the consent may be undertaken.").

Because it is unlikely that a weapon would be found inside a small handheld flashlight, the officer's search exceeded the scope of Neese's consent. See *State v. Diaz*, 191 Ga. App. 830, 831-832 (2) (383 SE2d 195) (1989) (officer exceeded defendant's consent to look in his vehicle when the officer failed to identify the object of the search yet proceeded to open closed containers located within the vehicle). We therefore affirm the trial court's judgment in this case.

*Judgment affirmed. Smith, P. J., concurs. Phipps, J., concurs in judgment only.*

PHIPPS, Judge, concurring in judgment only.

Where the validity of a search depends upon the defendant's consent and the evidence shows without dispute that the scope of the search exceeded the scope of the consent, the search is unlawful.[1] Under the objective reasonableness test, a typical reasonable person would not have understood the exchange between the officer and Neese as authorizing the officer to disassemble a flashlight located inside the backpack.[2]

DECIDED MARCH 12, 2010.

*Daniel J. Porter, District Attorney, Jennifer M. Taylor, Assistant District Attorney*, for appellant.
*Marvin P. Hicks III*, for appellee.

---

[1] *Amato v. State*, 193 Ga. App. 459, 460 (1) (388 SE2d 54) (1989).

[2] See *State v. Fulgham*, 288 Ga. App. 746, 747-748 (655 SE2d 321) (2007); see also *State v. Diaz*, 191 Ga. App. 830, 831 (2) (383 SE2d 195) (1989) (permission for officer to "look inside" vehicle did not extend to a full-blown search of the interior and containers found therein); *State v. Corley*, 201 Ga. App. 320, 323-324 (411 SE2d 324) (1991) (permission to look inside vehicle did not extend to closed drawstring bag on front seat); *Amato*, supra (consent to look inside vehicle did not extend to removal of vent cover on door frame).