## A11A1502. BERRY v. THE STATE.
### (722 SE2d 127)

PHIPPS, Presiding Judge.

Michael Berry appeals his conviction for possession of a firearm by a convicted felon, contending that the trial court should have suppressed the firearm evidence as the fruit of an illegal search of the car he had been driving. Because the record authorized the trial court's determination that the search was pursuant to Berry's consent, we affirm.

In *Tate v. State*,[1] the Supreme Court of Georgia discussed three fundamental principles which must be followed when conducting an appellate review of an order ruling upon a motion to suppress.[2]

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[3]

So construed, the evidence showed that on the afternoon of March 1, 2007, shortly after Berry arrived at the residence of a longtime friend, five or six law enforcement officers arrived. When the friend answered the knock at the front door, one of the officers, Christopher Brewer, explained that they were looking for a certain person. The resident told Brewer that the person was not there. But because Brewer had heard someone running to the back of the house upon the officers' approach, he asked the resident whether they could enter the home and search for him. The resident gave his permission.

Having stepped into the living room of the home, Brewer saw a man sitting there. Brewer also saw on a coffee table a pile of sandwich bags with the corners clipped off, which observation caused

---

[1] 264 Ga. 53 (440 SE2d 646) (1994).

[2] See generally *Miller v. State*, 288 Ga. 286-289 (1) (702 SE2d 888) (2010) (reaffirming *Tate*, supra).

[3] *Tate*, supra at 54 (1) (citations, punctuation and footnote omitted). See generally *White v. State*, 263 Ga. 94, 98 (5) (428 SE2d 789) (1993) (suppression hearing transcript and trial transcript may be considered on review of suppression ruling); see *Arnold v. State*, 304 Ga. App. 90, n. 2 (695 SE2d 402) (2010) (same).

the officer concern that narcotics were being packaged for distribution. About this time, Berry and another individual walked out of back rooms and into the living room, where they sat while the officers searched the house, but did not find the person for whom they were searching.

Brewer then called the resident to a back room of the house, where he explained that the clipped sandwich bags indicated to him that narcotics distribution was taking place. The resident then pointed Brewer to (suspected) cocaine that was tucked underneath some flooring.

The officers placed the four house occupants under arrest. Brewer placed handcuffs on Berry and, upon searching his person incident to the arrest, found firearm ammunition and a set of car keys. Brewer asked Berry for the location of his car and for his consent to search it. Berry told the officer that the car was parked at the curb and gave his permission to search it. During the search, Brewer found a firearm.

In his motion to suppress the firearm evidence, Berry argued that the warrantless search of the vehicle violated his Fourth Amendment rights. The state countered that no violation occurred because Berry consented to the search. "Where the state seeks to justify a warrantless search on grounds of consent, it has the burden of proving that the consent was, in fact, freely and voluntarily given."[4] Berry contends herein that the trial court erred in finding: (i) that he gave his consent, and alternatively, (ii) that his consent was voluntarily given.

1. As Berry concedes in his brief to this court, Brewer testified, "[Berry] gave me permission to search the vehicle." Accordingly, there is no merit in Berry's contention that the state failed to show that he told the officer that he could search the vehicle.[5]

2. Berry contends that the state failed to show that his consent was voluntary.

Although Berry points to evidence that no officer advised him of his rights under *Miranda v. Arizona*[6] before he was asked for and thereupon gave his consent,

[t]he Fourth Amendment test for a valid consent to search

---

[4] *Dean v. State*, 250 Ga. 77, 79 (2) (a) (295 SE2d 306) (1982) (citation and punctuation omitted); see *Brooks v. State*, 285 Ga. 424, 425 (677 SE2d 68) (2009).

[5] See *Tate*, supra; *State v. Encinas*, 302 Ga. App. 334, 336 (691 SE2d 257) (2010) (a reviewing court must accept the factual and credibility determinations and inferences drawn by the trier of fact as long as there is evidence in the record to support the trial court's findings).

[6] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

is that the consent be voluntary, and voluntariness is a question of fact to be determined from all the circumstances. Whether the accused was advised of his constitutional rights is a factor to be taken into account in determining voluntariness. However, it is not a prerequisite to establishing a voluntary consent, as no single factor is controlling.[7]

"It is only by analyzing all the circumstances of an individual consent that it can be ascertained whether in fact it was voluntary or coerced."[8]

Here, the record shows that the incident occurred while Berry was visiting a longtime friend at his residence. The law enforcement officers entered and searched the house only after asking for and receiving the resident's permission to do so.[9] There is no evidence that, prior to giving his consent to search the vehicle, Berry was subjected to isolation from the others, prolonged questioning, physical punishment, or mental coercion.[10] Rather, Brewer testified that, when he asked for and obtained Berry's permission to search the vehicle, he did not threaten or coerce Berry in any way. Furthermore, "[t]here was no showing that the officers misrepresented their authority to enter and search [Berry's car] against [his] will, if necessary."[11] Berry was about 45 years of age on the date of the incident, and he has made no allegation that his education or

---

[7] *Arrington v. State*, 286 Ga. 335, 344 (15) (687 SE2d 438) (2009) (citations and punctuation omitted); see *State v. Folsom*, 285 Ga. 11, 14 (2) (673 SE2d 210) (2009) ("A violation of *Miranda* does not warrant the suppression of the fruit of otherwise voluntary statements."), citing *United States v. Patane*, 542 U. S. 630 (124 SC 2620, 159 LE2d 667) (2004) (plurality opinion with concurrence); *Reaves v. State*, 284 Ga. 181, 183 (2) (b) (664 SE2d 211) (2008) ("physical evidence obtained as the fruit of a statement made without the required *Miranda* warnings should not be suppressed so long as the statement was voluntary"), citing *Patane*, supra.

[8] *Brooks*, supra at 425-426, quoting *Schneckloth v. Bustamonte*, 412 U. S. 218, 233 (93 SC 2041, 36 LE2d 854) (1973), and citing *Dean*, supra at 80 (2) (a) (setting forth factors to be considered in assessing the totality of the circumstances, which factors include the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused).

[9] As Berry concedes, he does not have standing to contest the officers' entry or search of his friend's residence. See *Ferron v. State*, 216 Ga. App. 456 (454 SE2d 637) (1995) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.") (punctuation omitted).

[10] See *Dean*, supra at 80 (2) (a) (fact that defendant is held in custody at time he gives consent does not, standing alone, establish that consent was coerced).

[11] *Brooks*, supra at 426, contrasting *Bumper v. North Carolina*, 391 U. S. 543 (88 SC 1788, 20 LE2d 797) (1968) (coercion found where officers announced that they had a warrant and then attempted to justify the search solely on the basis of consent).

intelligence rendered his consent involuntary.[12] Finally, we do not accept Berry's general assertion that his consent was the product of "an atmosphere of coercive conduct."[13]

In light of the totality of the circumstances, the trial court was authorized to conclude that the search of the vehicle was pursuant to Berry's consent and therefore did not violate Berry's Fourth Amendment rights.[14] Berry has shown no error in the admission of the firearm evidence.

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

### DECIDED JANUARY 12, 2012.

*Catherine S. Bernard*, for appellant.
*Craig Fraser, District Attorney, Bradford N. Childers, Assistant District Attorney*, for appellee.

---

[12] See generally *Brooks*, supra (noting the lack of an allegation that appellant's age or level of intelligence rendered his consent involuntary).

[13] See generally *Park v. State*, 308 Ga. App. 648, 652 (1) (708 SE2d 614) (2011) (rejecting argument that consent was coerced for reasons that six to eight officers were present, officers had guns drawn when they approached defendant, and defendant had been handcuffed and placed on ground during detention; at time consent was given, officers' guns had been returned to holsters, and an audiotape of incident revealed that the officers spoke in normal tones and did not use threats or coercion) and cits.

[14] *Brooks*, supra; *Tate*, supra; *Dean*, supra; *Park*, supra.