**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 16, 2015**

# In the Court of Appeals of Georgia

A15A0419. OWENS v. THE STATE.

MCFADDEN, Judge.

Allen Porter Owens appeals from his conviction, after a bench trial, of possession of marijuana with intent to distribute. OCGA § 16-13-30 (j). At trial, Owens asserted that police officers obtained inculpatory statements from him in violation of his *Miranda* rights. See *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966). Finding no violation, the trial court considered the statements in determining that Owens was guilty of the charged offense. Owens argues that this was error. Because *Miranda* did not apply to some of Owens's inculpatory statements, and because Owens had been given *Miranda* warnings when he made other inculpatory statements, we affirm.

1. *Facts.*

By asking the trial court not to consider his statements at the bench trial, Owens essentially sought to have the statements suppressed. Owens did not file a written motion to suppress. See OCGA § 17-5-30 (b) (requiring motions to suppress to be filed in writing); *Copeland v. State*, 272 Ga. 816, 817 (2) (537 SE2d 78) (2000) (oral motions to suppress are procedurally defective). Nevertheless, the trial court decided the issue of whether the statements were inadmissible because of a *Miranda* violation, and the state neither objected at trial to the lack of a written motion to suppress nor has argued on appeal that the issue was waived by Owens's failure to file a written motion. Accordingly, we will review the trial court's ruling on the statements.

In considering that issue, "we owe no deference to the way in which the trial court resolved questions of law, but we generally accept [his] findings about questions of fact and credibility unless clearly erroneous." *Edenfield v. State*, 293 Ga. 370, 374 (2) (744 SE2d 738) (2013) (citation and footnote omitted). In this case, the trial court expressly found the testimony of law enforcement officers more credible than that of Owens.

Those officers testified that on August 20, 2010, a group of several probation and police officers initiated a search of the house of a probationer, James Marshall

2

Brown, pursuant to a Fourth Amendment waiver in the terms of Brown's probation. The officers asked other persons in the house, including Owens, to remain in the living room while the officers spoke with Brown and performed the search. Owens was not handcuffed and the officers did not consider him to be under arrest.

As Brown took two officers to his bedroom, another officer stood in the doorway between the living room and the kitchen. From that position, he smelled an overwhelming odor of raw marijuana and saw on the kitchen table a pile of green leafy material that appeared to be marijuana. The officer asked Brown, who had returned to the living room, if the material was marijuana. When Brown replied that he did not know, Owens spoke and stated that it was marijuana. Owens also volunteered that the marijuana on the table was his. The officer asked if there was more marijuana in the house, and Owens replied, "There might be some, I don't know." A search of the kitchen uncovered, in addition to the marijuana on the table, multiple bags of marijuana and two scales of different sizes with marijuana residue on them.

The officers placed Owens under arrest and handcuffed him. Before Owens was given a *Miranda* warning, however, other officers who had been searching the yard came into the house with a bag that contained marijuana and a firearm. As those

3

officers were going through the bag and talking among themselves, Owens stated that the bag and its contents belonged to him.

At that point one of the officers read Owens *Miranda* warnings and asked if he would talk about the marijuana. Owens told the officers that all of the marijuana was his.

2. *Statements made before Owens received* Miranda *warnings.*

Owens argues that the trial court should not have considered the statements he made before receiving *Miranda* warnings because they were custodial statements subject to *Miranda*. We disagree.

"*Miranda* applies only to statements which result from an in-custody interrogation of the accused. Accordingly, in order for [Owens] to show that the [trial court's consideration] of his statement[s] was error, he must demonstrate that he was both in custody and was interrogated at the time the statement[s were] made." *Cook v. State*, 274 Ga. 891, 894 (3) (561 SE2d 407) (2002) (citations and punctuation omitted).

The evidence authorized a finding that Owens was not in custody when he made his initial statements regarding the marijuana on the kitchen table. "A person is considered to be in custody and *Miranda* warnings are required when a person is

4

(1) formally arrested or (2) restrained to the degree associated with a formal arrest. Unless a reasonable person in the suspect's situation would perceive that he was in custody, *Miranda* warnings are not necessary." *Sewell v. State*, 283 Ga. 558, 560-561 (2) (662 SE2d 537) (2008) (citation and punctuation omitted). Case law distinguishes custody from brief detentions. See *Harrison v. State*, 213 Ga. App. 174, 176 (444 SE2d 354) (1994).

When Owens made the initial statements, he was being lawfully detained in the living room while officers conducted a search of the common areas of the house pursuant to a Fourth Amendment waiver in a probation order pertaining to his housemate, Brown. See id. (holding that officers are entitled to briefly detain occupants of house pending search pursuant to probation order and recognizing that such search presents same need for detention as does search executed pursuant to warrant, because "[s]uch an undertaking is fraught with danger, particularly when other people are inside [the house, and] leaves the officers vulnerable to attack"). He had not been formally arrested and was not handcuffed. A reasonable person in his position would not have thought that the detention would not be temporary. See *Knapp v. State*, 229 Ga. App. 175, 178 (4) (493 SE2d 583) (1997) (person being detained "is 'in custody' only if a reasonable person in the detainee's position would

5

have thought the detention would not be temporary") (citing *Berkemer v. McCarty*, 468 U. S. 420, 442 (104 SCt 3138, 82 LE2d 317) (1984); see also *Lewis v. State*, 268 Ga. App. 547, 551 (2) (602 SE2d 278) (2004). Such brief, legal detention does not invoke the requirement for *Miranda* warnings. See *Tolliver v. State*, 273 Ga. 785, 787 (546 SE2d 525) (2001) (*Miranda* warnings not required for routine questioning of witnesses briefly detained at crime scene); *Lewis*, 268 Ga. App. at 550-551 (2) (same); *Zackery v. State*, 262 Ga. App. 646, 650 (2) (586 SE2d 346) (2003) (detention pending execution of search warrant).

The evidence also authorized a finding that Owens was not being interrogated when, after being placed in custody, he stated that the marijuana found in a bag outside the house belonged to him. Owens did not make the statement in response to any questions, but instead volunteered the statement while two officers were searching the bag and talking to each other. *Miranda* would not apply to such an utterance, even if Owens had made it while in custody. See *Haggins v. State*, 277 Ga. App. 742, 745 (2) (a) (627 SE2d 448) (2006) ("[A]lthough [defendant] was in custody when he made the statement, [the officer] was not interrogating him or otherwise soliciting a response. A defendant's spontaneous, voluntary, unprompted utterance to a police officer is admissible against him at trial.") (citations omitted).

6

Because *Miranda* did not apply to the statements discussed above, the trial court did not err in rejecting Owens's argument that he should not consider the statements in the bench trial because they violated *Miranda*.

3. *Statements made after Owens received* Miranda *warnings.*

Owens argues that the trial court should not have considered the statements he made after receiving *Miranda* warnings because those statements were secured using the "two-step interrogation technique" disapproved by the United States Supreme Court in *Missouri v. Seibert*, 542 U. S. 600 (124 SCt 2601, 159 LEd2d 643) (2004). But in *Seibert*,

> officers procured an initial statement in violation of *Miranda*, then advised the defendant of his *Miranda* rights without informing him that his initial statements would have been inadmissible, and finally conducted further interrogation that led the defendant to repeat the same information that he had provided in the inadmissible initial statement. Id. at 606 (I); [cit.]. Here, in contrast, the . . . statement[s] that [Owens] provided prior to the reading of *Miranda* [were] admissible and not in violation of *Miranda*, and the . . . interview after [Owens] waived his rights was no circumvention of *Miranda*.

*Walker v. State*, 296 Ga. 161, 170 (3) (a) (766 SE2d 28) (2014); see also *Drake v. State*, 296 Ga. 286, 290 (2) n. 3 (766 SE2d 447) (2014) ("Because there was no

7

*Miranda* violation [as to Owens's earlier statements], there is no merit to [his] further claim that the statements he made after being *Mirandized* were inadmissible under *Missouri v. Seibert*[.]").

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur*.