**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 25, 2016**

# In the Court of Appeals of Georgia

A15A1721. SPOONE v. THE STATE.

PHIPPS, Presiding Judge.

Following a bench trial, the probate court found Eric Spoone guilty of DUI and other traffic offenses. Spoone appealed to superior court, challenging the denial of his motion to suppress, but the superior court affirmed the probate court's ruling. Spoone now appeals here, arguing that the DUI evidence against him should have been suppressed because it resulted from a police officer's illegal entry into his home. Because there was evidence to support the probate court's finding that Spoone's mother consented to the officer's entry, we affirm.

An appellate court reviewing a trial court's ruling on a motion to suppress is guided by three principles:

First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[1]

The record shows the following undisputed facts. In the early morning hours of June 14, 2013, a deputy with the Franklin County Sheriff's Office responded to a 911 call reporting a single-car accident in which the vehicle had left the scene. When the deputy arrived, he saw that a telephone pole had been struck and "flipped," and he noticed a trail of oil or other vehicular fluid leading away from the pole. The deputy spoke with the caller, who said that his neighbor – Spoone – had been driving a truck that hit the pole. The deputy followed the trail of fluid to a truck parked in Spoone's driveway that was emitting smoke and showed "very extensive damage."

The deputy knocked on the front door of the house and spoke with Spoone's mother. The deputy then proceeded to the basement, where he found Spoone bleeding from the head. Spoone and his mother accompanied the deputy outside to view the

---

[1] *Miller v. State*, 288 Ga. 286 (1) (702 SE2d 888) (2010) (citation omitted).

truck, after which the deputy summoned a Georgia State Patrol trooper to investigate the accident and an ambulance to evaluate Spoone's head injury. The deputy noticed that Spoone smelled strongly of alcohol, had bloodshot eyes, and was unsteady on his feet. The trooper arrived about 30 minutes later and, after a brief investigation, arrested Spoone for DUI. Spoone consented to chemical testing of his blood, which showed a blood-alcohol content of 0.209 grams. He was later cited for multiple traffic offenses[2] and scheduled for a non-jury trial in probate court.

Spoone moved to suppress the evidence discovered as a result of the deputy's warrantless entry into his residence, and the probate court combined the hearing on that motion with the bench trial. At trial, the deputy and Spoone's mother gave differing accounts of the circumstances leading to his entry into the residence. The deputy testified that after he knocked on the door of the residence, the mother opened it and the deputy told her that Spoone's truck had been in a "bad accident just up the road." The mother responded that Spoone was inside the house, but she did not think he had been involved in an accident. The deputy said, "[D]o you mind if we go down and check on [him] to make sure he's okay due to the damage of the vehicle and the

---

[2] Specifically, Spoone was charged with DUI, failure to maintain lane, leaving the scene of an accident, failure to use a safety belt, failure to notify the owner upon striking a fixture, and driving on the wrong side of the roadway.

pole?" According to the deputy, the mother agreed and escorted him downstairs to the basement, where they encountered Spoone. The deputy testified that the mother consented to his entry into the residence, never said she did not want him there, and never asked him to leave. The deputy also stated that Spoone and his mother agreed to step outside with him to look at the truck.

Spoone's mother, on the other hand, testified that after knocking on the door, the deputy immediately asked her to come outside to view the truck, which she did even though walking was painful for her due to a recent surgery. The mother stated that she told the deputy that Spoone was downstairs and that she would summon him if the deputy would wait at the doorway. The mother denied inviting the deputy inside. But, according to the mother, the deputy followed her downstairs without her permission, and she did not realize he was behind her until she reached the basement staircase. The mother further testified that upon entering the basement, the deputy promptly handcuffed Spoone and led him outside. The mother conceded that she "depend[ed] totally" on her son to provide her with transportation and other care and that she would have to switch doctors if he were unable to drive.

After the trial, the probate court entered a written order denying Spoone's motion to suppress, finding that "the consent to enter the residence was given

4

voluntarily, [Spoone] was not under arrest and voluntarily consented to leaving the sanctity of the residence." The court also found Spoone guilty of DUI and three other traffic offenses. Spoone appealed to the superior court, which affirmed the probate court's rulings. He now seeks review here.

1. Spoone argues that the probate court erred by finding that the deputy's entry into his residence was consensual. We disagree.

"Fundamentally, there exists a justified expectation of privacy against unreasonable intrusions into the home. Therefore, an unconsented police entry into the home constitutes a search within the meaning of the Fourth Amendment."[3] A warrantless entry into and search of a residence may be authorized by the consent of a person possessing common authority over the premises,[4] but the state bears the burden of proving that such consent was voluntary under the totality of the circumstances."[5] Faced with conflicting accounts, the probate court credited the

---

[3] *Pledger v. State*, 257 Ga. App. 794, 797 (572 SE2d 348) (2002) (citations and emphasis omitted).

[4] Spoone does not challenge his mother's authority to consent to the deputy's entry.

[5] *Pledger*, 257 Ga. App. at 798; *Brown v. State*, 261 Ga. App. 351, 353 (1) (582 SE2d 516) (2003).

deputy's testimony over the mother's and concluded that the mother had consented to the deputy's entry. In addition, as the superior court noted in affirming the probate court, the mother was dependent upon Spoone and therefore wanted him to avoid a DUI conviction, whereas the deputy had no motive to lie. Evaluating the credibility of the witnesses was a matter for the probate court, and we have no basis for disturbing its determination on appeal.[6] The evidence presented at the hearing/trial authorized the probate court to determine that the mother consented to the deputy's entry into the residence, and consequently the court did not err by denying Spoone's motion to suppress.

2. Spoone also argues that the probate court failed to apply a "totality of the circumstances" analysis to the question of whether his mother gave valid consent. But the absence of exhaustive findings in the probate court's order concerning every circumstance potentially relevant to the voluntariness of consent does not mean that the court applied the wrong standard. The court explicitly stated that its finding of

---

[6] See *State v. Rowell*, 299 Ga. App. 238, 240 (682 SE2d 238) (2009) ("When the outcome of a motion to suppress depends on the credibility of the witnesses or on disputed facts, and the trial court has not committed an error of law, the court's ruling will not be disturbed on appeal.") (footnote omitted); *Buckholts v. State*, 247 Ga. App. 697, 699 (2) (545 SE2d 99) (2001) (finding no clear error in trial court's "credibility determination" that defendant voluntarily consented to search).

voluntary consent was "[b]ased upon all the evidence and testimony of the witnesses," and Spoone fails to indicate any relevant circumstance that the court did *not* consider.

3. Finally, Spoone maintains that the deputy's entry into the home was not authorized by any exigent circumstances. But we need not consider the possibility of exigent circumstances, as the probate court found that the entry was justified by consent.

*Judgment affirmed. Doyle, C. J., and Rickman, J., concur.*