**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 24, 2020**

# In the Court of Appeals of Georgia

A19A1761. MONTGOMERY v. THE STATE.

McFADDEN, Chief Judge.

After a bench trial, Perry Montgomery was convicted of multiple drug offenses. He appeals, challenging the denial of his motion to suppress and the effectiveness of his trial counsel. The trial court, however, did not abuse its discretion in denying the motion to suppress and Montgomery has failed to show that trial counsel's performance was prejudicial. Accordingly, we affirm.

1. *Facts and procedural posture.*

Viewed in the light most favorable to the judgment, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that Montgomery has multiple prior felony drug convictions, including sale of cocaine in 1992 and 1993, multiple counts of sale of cocaine and other offenses in 1999, and

possession of cocaine with intent to distribute and sale of marijuana in 2010. In 2017, while Montgomery was on parole and probation, police received multiple complaints and a tip from a confidential informant that Montgomery was selling methamphetamine and marijuana from a house in Summerville, Georgia. Montgomery was living in the house with Cody Mobbs, who was also on felony parole and probation, and Mobbs' sister.

On March 23, 2017, Mobbs' parole and probation officer went to the house with two sheriff's deputies to conduct a "knock and talk" investigation. The parole officer knocked on the front door, which was answered by Mobbs, and asked him if anyone else was in the house and if they could come in and search the house. Mobbs said that he did not know if anyone else was inside and consented to the officers searching the house. Upon entering the house, the officers smelled a strong odor of marijuana.

The sheriff's deputies found Montgomery asleep in a bedroom and awakened him. A short time after the officers had secured the scene, another officer arrived at the house and asked Montgomery where the marijuana was and if they could search the house. Montgomery indicated that there was marijuana in the living room and consented to a search of the house. The officers then found marijuana in a bowl and

a pipe with marijuana residue on it in the living room; large amounts of methamphetamine and marijuana in plastic bags inside a jacket in the bedroom where Montgomery had been sleeping; and digital scales with methamphetamine and marijuana residue on them in the bedroom. One of the officers also photographed a handgun found at the scene. During the search, Montgomery told the officers that any contraband found in the house belonged to him.

Montgomery was charged in a nine-count indictment with possession of methamphetamine with intent to distribute, possession of marijuana with intent to distribute, and other related drug offenses. Montgomery filed a motion to suppress evidence; waived his right to a jury trial; and joined with the state in requesting that the trial court hold a consolidated motion to suppress hearing, bench trial, and probation revocation hearing. After the consolidated hearing, the trial court denied the motion to suppress, found Montgomery guilty of all offenses, and imposed a total sentence of twenty years, with ten years to be served in confinement and ten years to be served on probation. Montgomery moved for a new trial, which the trial court denied after a hearing, and this appeal followed.

2. *Motion to suppress.*

3

Montgomery contends that the trial court erred in denying his motion to suppress because the officers conducted an unlawful warrantless search of the house. We disagree.

> The Fourth Amendment protects against unreasonable searches and seizures. Even with probable cause, absent exigent circumstances *or proper consent*, warrantless searches and seizures within a home by officers in the pursuit of their traditional law enforcement duties are presumptively unreasonable.

*Corey v. State*, 320 Ga. App. 350, 353 (1) (739 SE2d 790) (2013) (citations and punctuation omitted; emphasis supplied). But "[i]t is well settled that a valid consent to a search eliminates the need for either probable cause or a search warrant." *Brooks v. State*, 285 Ga. 424, 425 (677 SE2d 68) (2009). "One such exception [to the warrant requirement] is when consent to search is obtained from a third party who possessed common authority over or other sufficient relationship to the premises . . . sought to be inspected." *Davis v. State*, 262 Ga. 578, 580 (1) (422 SE2d 546) (1992) (citations and punctuation omitted).

In this case, it is undisputed that Mobbs lived in the house with Montgomery and the officers obtained Mobbs' consent to search the house. As Montgomery concedes on appeal, the officers reasonably believed that Mobbs had authority to allow them to enter and search the common areas of the house. See *State v.*

4

*Holtzclaw*, 341 Ga. App. 639, 642 (1) (802 SE2d 254) (2017) (consent valid where it is reasonable to recognize that any of the co-inhabitants of a house has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched). Despite Mobbs' valid consent to the search, Montgomery argues that his own subsequent consent to the search was tainted by the officers' illegal entry into his bedroom. But contrary to Montgomery's argument, there is no evidence that the officers' entry into the bedroom was illegal.

Rather, the evidence shows that the officers only entered the bedroom upon discovering that Montgomery was in it and that they did not conduct any search of the bedroom until after Montgomery had consented to a search. Given the totality of the circumstances – Montgomery's lengthy felony drug history, the reliable information that Montgomery was selling drugs from the house, Montgomery sharing the house with another parolee, and the strong odor of marijuana in the house – the officers had the authority to awaken Montgomery and secure the scene before conducting a search.

> Although lacking a warrant, the officers [had obtained Mobbs' consent and] thus had lawful authority to enter [the] residence to search for drugs. Such an undertaking is fraught with danger, particularly when

5

other people are inside. It leaves the officers vulnerable to attack. For their safety's sake in the conduct of a lawful search, they are authorized to detain occupants of the residence while the premises are being secured.

*Harrison v. State*, 213 Ga. App. 174, 176 (444 SE2d 354) (1994). See also *Owens v. State*, 332 Ga. App. 525, 527 (2) (773 SE2d 783) (2015) (defendant was lawfully detained in living room while officers conducted a search of the house pursuant to a Fourth Amendment waiver in a probation order pertaining to defendant's housemate); *Bonds v. State*, 188 Ga. App. 135, 136 (372 SE2d 448) (1988) (noting that search was not conducted until "the officers first secured the premises by accounting for all occupants . . . so as to assure control of [the premises] and the occupants").

"In order to justify a warrantless search on the grounds of consent, the [s]tate has the burden of proving that the consent was freely and voluntarily given under the totality of the circumstances." *Brooks*, supra (citation and punctuation omitted). Here, in addition to the circumstances described above, the state presented unrefuted testimony that none of the officers threatened, intimidated, or coerced Mobbs or Montgomery in any way before they each consented to the search. "The evidence presented at the hearing/trial authorized the [trial] court to determine that [Mobbs and Montgomery voluntarily] consented to the [officers' search of] the residence, and

6

consequently the court did not err by denying [the] motion to suppress." *Spoone v. State*, 335 Ga. App. 816, 818-819 (1) (783 SE2d 342) (2016). See *Brooks*, supra at 425-426 (consent to search was freely and voluntarily given where, among other things, there was no evidence of coercive police tactics and no allegation that the defendant's age or level of intelligence rendered his consent involuntary).

3. *Ineffective assistance of counsel.*

Montgomery claims that his trial counsel was ineffective in failing to object to hearsay testimony that informants had told the police that Montgomery was selling marijuana and methamphetamine from the house. To prevail on this claim, Montgomery "must show both that his counsel's performance was deficient and that the deficient performance so prejudiced him that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different." *Stodghill v. State*, 351 Ga. App. 744, 747 (3) (832 SE2d 891) (2019) (citation and punctuation omitted). Montgomery has failed to show prejudice, so his ineffectiveness claim fails and we need not consider the issue of deficient performance. *Smith v. State*, 296 Ga. 731, 733 (2) (770 SE2d 610) (2015); *Stodghill*, supra.

In attempting to show prejudice, Montgomery contends that without the purported hearsay testimony concerning the informant tips to police that he was selling drugs, there was insufficient evidence that he had any intent to distribute the drugs. However, even without the purported hearsay, the state presented other sufficient circumstantial evidence showing Montgomery's intent to distribute, including the large amounts of methamphetamine and marijuana found in the house, the packaging of the drugs for apparent sale, the presence of digital scales with methamphetamine and marijuana residue on them, Montgomery's prior convictions for sale of drugs, and an officer's testimony that in his experience the amounts and packaging of the drugs indicated that they were not intended for personal use and instead were meant for sale. See *Helton v. State*, 271 Ga. App. 272, 275-276 (b) (609 SE2d 200) (2005); *McNair v. State*, 226 Ga. App. 516, 517 (1) (487 SE2d 100) (1997).

Because there was sufficient circumstantial evidence of Montgomery's intent to distribute, Montgomery has failed to show a reasonable probability that the outcome of the trial would have been different if his counsel had objected to the purported hearsay. Accordingly, he has failed to show that he was deprived of effective assistance of counsel.

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps, concur.*